Juan A. CASTOR, Appellant,

v.

LAREDO COMMUNITY COLLEGE, Appellee.

No. 04–97–00250–CV.

Court of Appeals of Texas, San Antonio.

Jan. 28, 1998.

David E. Garcia, Yanta, Flores & Korth, L.L.P., Laredo, for Appellant.

Horace C. Hall, III, Hall, Quintanilla & Alarcon, L.C., Laredo, for Appellee.

Before STONE, GREEN and DUNCAN, JJ.

## OPINION

STONE, Justice.

Juan Castor appeals from a summary judgment granted in favor of Laredo Community College on his claim for retaliatory discharge for filing workers' compensation benefits. We affirm.

### FACTUAL & PROCEDURAL BACKGROUND

Castor, an employee of Laredo Community College ("LCC") for twelve years, was fired on September 21, 1994 for insubordination. Six days prior to Castor's termination, Castor and his supervisor, Hector Molina, had a heated discussion regarding Castor's work schedule. During the discussion Castor became verbally abusive and hostile. Molina prepared an internal memorandum for Castor recounting the incident. Copies were forwarded to Raul Elizondo, Director of Physical Plant, and Raul Garcia, Director of Personnel. After reviewing the incident report, Elizondo requested Castor's termination for insubordination. The request was approved by LCC's president and Castor was terminated effective September 21, 1994.

Castor filed suit claiming his termination was in response to a May 1994 workers' compensation claim. LCC moved for summary judgment arguing that Castor had been fired for insubordination, and not due to the filing of a workers' compensation claim. The trial court entered judgment in favor of LCC.

### STANDARD OF REVIEW

Summary judgment is proper for a defendant only if the defendant establishes that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's claim and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the non-movant. *Nixon,* 690 S.W.2d at 548–49; *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the non-movant, and

any doubts will be resolved in its favor. *Nixon*, 690 S.W.2d at 549; *Montgomery*, 669 S.W.2d at 311.

## RETALIATORY DISCHARGE

The Workers' Compensation Act prohibits employers from discharging an employee merely because the employee files a workers' compensation claim in good faith. TEX. LABOR CODE ANN. § 451.001(1) (Vernon 1996). In enacting this law, the Legislature sought to protect employees who are entitled to benefits under the workers' compensation law and to prevent employers from firing them for taking steps to collect benefits. *Carnation Co. v. Borner*, 610 S.W.2d 450, 453 (Tex.1980). An employee claiming discharge in violation of section 451.001 bears the burden of at least demonstrating a causal link between the workers' compensation claim and the alleged wrongful termination. *Borden, Inc. v. Guerra*, 860 S.W.2d 515, 522 (Tex.App.—Corpus Christi 1993, writ dism'd by agr.). The plaintiff need not prove that the workers' compensation claim was the sole cause of termination; the claim need only have been a determining factor in the dismissal. *Id.; Investment Properties Management, Inc. v. Montes*, 821 S.W.2d 691, 694 (Tex.App.—El Paso 1991, no writ). Causation may be established by direct and circumstantial evidence and the reasonable inferences drawn from such evidence. *Borden*, 860 S.W.2d at 522. Circumstantial evidence includes, but is not limited to: (1) knowledge of the compensation claim by those making the decision on termination; (2) expression of a negative attitude toward the employee's injured condition; (3) failure to adhere to established company policies; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the discharge was false. *Continental Coffee Products v. Cazarez*, 937 S.W.2d 444, 451 (Tex. 1996). Courts have also considered sudden changes in an employee's work performance evaluations following workers' compensation claims as circumstantial evidence of retaliation in violation of the Workers' Compensation Act. *See General Elec. Co. v. Kunze*, 747 S.W.2d 826, 830 (Tex.App.—Waco 1987, writ denied); *Wal–Mart Stores, Inc. v. Kee*, 743 S.W.2d 296, 297 (Tex.App.—Tyler 1987, no writ).

Once the employee has established the causal link, it is the employer's burden to rebut the alleged improper termination by showing there was a legitimate reason behind it. *Terry v. Southern Floral Co.*, 927 S.W.2d 254, 257 (Tex.App.—Houston [1st Dist.] 1996, no writ). Thereafter, in order to survive summary judgment, the burden shifts back to the employee to produce controverting evidence of a retaliatory motive. *See Texas Division–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 313–14 (Tex.1994). Subjective beliefs are no more than mere conclusions and are not competent summary judgment evidence. *Id.* at 314.

The record in the instant case contains evidence of a nondiscriminatory reason for Castor's termination: insubordination. Thus, according to the previously-stated caselaw, the trial court properly entered judgment in favor of LCC unless the record contains circumstantial evidence of retaliatory motive. *See Carrozza*, 876 S.W.2d at 314. Castor points to four factors which he claims evidence LCC's retaliatory motive in discharging him: (1) sudden changes in his work performance evaluations following his first claim for workers' compensation benefits; (2) LCC ignored his work limitations and placed him at risk of aggravation of injury; (3) a positive work recommendation from one of the Deans of the college indicating that he was performing satisfactorily at the time of his termination; and (4) his affidavit testimony.

Castor argues that LCC began a pattern of harassment once he began filing for workers' compensation benefits. He did not begin receiving negative work evaluations in twelve years of employment with LCC until he filed his first claim. Castor contends the record shows that a negative evaluation closely followed each of his three claims, thereby raising the inference that his workers' compensation claims contributed to LCC's decision to fire him. We do not believe the evidence raises an inference of retaliatory motive. First, the record shows that Castor received his first negative work evaluation in the

spring of 1993, five months prior to his first workers' compensation claim. Second, there is approximately a four month gap between Castor's termination and his last "negative" work evaluation, which weighs against the inference that LCC was creating a proverbial paper trail in order to justify a future termination.

Castor next argues that LCC ignored his work limitations and placed him at risk of aggravation of injury. In support of this contention, Castor relies upon a physician's note which states:

> Low back pain syndrome. Doing much better. Less nagging discomfort. Fitted with lumbosacral support. Return him back to work. Recommended some exercises, no excess bending, or stooping— mild. I feel he's employable. Gave him some Lodine tab. Return visit if no improvement in a month or so.

While this note evidences that Castor was treated by a physician for lower back pain, there is no evidence that LCC ignored Castor's work limitations and required him to perform tasks involving excess bending or stooping, nor is there any evidence that LCC was ever made aware of such limitations. Without such evidence, it is not reasonable to infer from one physician's note that LCC intentionally placed Castor at risk of aggravation of his back injury.

Castor further argues that a positive recommendation from one of the Deans of the college indicating that his performance was satisfactory is evidence of retaliatory motive. We do not find that an inference of retaliatory motive can be drawn from one letter containing positive remarks about Castor's work performance when Castor was not terminated due to poor performance. It is undisputed that Castor did not present evidence attempting to disprove or controvert LCC's stated reason for his termination. Castor has not denied having a heated argument with Molina six days prior to his termination, nor has he claimed that Molina exaggerated the incident in an effort to show that the stated reason for the discharge was false. *See Continental Coffee Products*, 937 S.W.2d at 451.

Finally, in affidavit testimony Castor states his belief that his workers' compensation claims contributed to his discharge. As noted, subjective beliefs are no more than mere conclusions and are not proper summary judgment proof. *Carrozza*, 876 S.W.2d at 314. Thus, indulging all inferences in favor of Castor, we are unable to find a fact issue of LCC's retaliatory motive in the record to rebut the allegation of the non-discriminatory reason for Castor's termination. Accordingly, we hold that the trial court properly granted summary judgment.

The judgment of the trial court is affirmed.