**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-40496

(Summary Calendar)
_____

CHERYL STEVENS,

Plaintiff - Appellant,

versus

BASF CORPORATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
USDC No. G-00-CV-25

_____

January 9, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Cheryl Stevens ("Stevens") appeals from the district court's grant of summary judgment to

BASF Corporation ("BASF") in her retaliatory discharge action under § 451.001 of the Texas Labor

Code. The issue is whether Stevens presented sufficient evidence in response to BASF's summary

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment motion to create a genuine issue of material fact for trial. We hold that she has not.

Stevens worked for BASF for twenty years. She began as a switchboard operator, and later worked as a secretary and senior secretary. Approximately one year before her termination, she resumed the position of a switchboard operator. Shortly after returning to a switchboard operator position, she contacted a nurse in BASF's medical department complaining of possible carpal tunnel syndrome. BASF conducted an ergonomic study of Stevens's work area and made changes accordingly. During the next several months, Stevens missed work several times to see doctors about the pain in her hands. Meanwhile, Stevens repeatedly received reviews indicating dissatisfaction with her performance, including two disciplinary letters citing specific incidents of misconduct and warning that if the quality of her work did not improve she would be terminated. Ultimately, BASF terminated Stevens.

Two days before her termination, Stevens had inquired with her immediate supervisor about the procedure for filing a workers' compensation claim. She did not file a claim for benefits, however, until more than a month after her termination. Thereafter, Stevens filed suit against BASF for retaliatory discharge under § 451.001 of the Texas Labor Code. BASF filed a motion for summary judgment, which the district court granted on the ground that Stevens failed to show a causal link between her termination and her claim for benefits. Stevens appeals this ruling.

We review a district court's grant of summary judgment de novo, and apply the same standards that instruct the district court. *See Tex. Refrigeration Supply, Inc. v. FDIC*, 953 F.2d 975, 980 (5th Cir. 1992). Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When a motion for summary judgment is made, the nonmoving

party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *Id.* at 247. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *Id.* at 247-48. We may affirm a grant of summary judgment if we find a basis, independent or not of the district court's reasoning, adequate to support the result. *Tex. Refrigeration Supply, Inc.*, 953 F.2d at 980.

Stevens filed this action for retaliatory discharge under § 451.001 of the Texas Labor Code, which states:

> A person may not discharge or in any other manner discriminate against an employee because the employee has:
> (1) filed a workers' compensation claim in good faith;
> (2) hired a lawyer to represent the employee in a claim;
> (3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or
> (4) testified or is about to testify in a proceeding under Subtitle A.

TEX. LAB. CODE § 451.001. When asserting a claim under § 451.001, the employee bears the burden of establishing a causal link between the filing of her claim for workers' compensation and her subsequent discharge. *See* TEX. LAB. CODE § 451.002(c) ("The burden of proof in a proceeding under [§ 451] is on the employee."); *Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 589-90 (5th Cir. 1995) ("An employee claiming discharge in violation of § 451.001 has the burden of at least demonstrating a causal link between the discharge and the filing of the claim for workers' compensation benefits."). Under Texas law, an employee need not have already instituted a workers' compensation proceeding in order to have a claim for retaliatory discharge, so long as she can establish a causal link between her termination and her contemplated claim. *See Hunt v. Van Der Horst Corp.*, 711 S.W.2d 77, 80 (Tex. App.–Dallas 1986, no writ); *Tex. Steel Co. v. Douglas*, 533

S.W.2d 111, 115 (Tex. Civ. App.–Fort Worth 1976, writ ref'd n.r.e.). An employee may establish a causal link by direct or circumstantial evidence. *McIntyre v. Lockheed Corp.*, 970 S.W.2d 695, 697 (Tex. App.–Fort Worth 1998, no writ). The following types of circumstantial evidence may serve to establish a causal link: "(1) knowledge of the compensation claim by those making the decision on termination; (2) expression of a negative attitude toward the employee's injured condition; (3) failure to adhere to established company policies; and (4) discriminatory treatment in comparison to similarly situated employees." *Id.* at 698. Once the employee meets this burden, the burden shifts to the employer to establish a legitimate, nondiscriminatory reason for the termination. If the employer, in turn, meets this burden, the employee must produce controverting evidence of a retaliatory motive. *Id.* at 697-98.

BASF makes two arguments in support of the district court's grant of summary judgment in its favor. First, BASF argues that the district court correctly held that Stevens failed to present sufficient evidence of a causal link between her termination and her workers' compensation claim to satisfy her initial burden under § 451.001. Second, BASF argues that, even if we find that Stevens presented sufficient evidence of a causal link, we should still affirm the district court's grant of summary judgment because she failed to present any evidence to rebut BASF's legitimate, nondiscriminatory reason for terminating her.

Stevens presents three types of circumstantial evidence she argues satisfy her burden of establishing a causal link between her termination and her workers' compensation claim. First, Stevens presents evidence that BASF was aware of her condition and her contemplated workers' compensation claim at the time of her termination. Specifically, she cites her evaluation by BASF's medical department for possible carpal tunnel syndrome, the ergonomic changes made by BASF to

-4-

her work area, and her inquiry to her immediate supervisor about the procedures for filing a workers' compensation claim two days prior to her termination. Second, Stevens argues that BASF expressed a negative attitude toward her injured condition. To support this allegation, Stevens refers to a "Letter of Disciplinary Action" detailing three specific instances of unsatisfactory conduct. The letter, however, merely states that Stevens left work one day claiming to be sick while indicating to a co-worker that she was leaving because she was in a bad mood. It does not refer to her injured condition nor does Stevens explain how the letter can be read to do so. Third, Stevens claims that BASF failed to adhere to established company policies by gathering information regarding her job performance from co-workers. Stevens fails, however, to cite any policies that BASF violated. Instead, she simply states that BASF gathered information in a manner not specifically governed by established policy. Thus, her evidence of causation boils down to at most BASF's knowledge of her injury and her intent to file a claim for benefits.

We note the apparent conflict in the case law as to whether knowledge alone will suffice to establish a causal link for summary judgment purposes.[1] We therefore assume *arguendo* that Stevens has met her initial burden of establishing a causal link, and move on to BASF's burden of establishing a legitimate, nondiscriminatory reason for her termination. In its motion for summary judgment, BASF argues that it terminated Stevens based on her poor job performance. To support this reason,

---

[1] *See McIntyre*, 970 S.W.2d at 698 (granting summary judgment in favor of employer where employee failed to present any evidence that employer's knowledge of his workers' compensation claim affected its decision to terminate); *Garcia v. Allen*, 28 S.W.3d 587, 601 (Tex. App.–Corpus Christi 2000, pet. denied) ("[T]he fact that the person making the termination decision had knowledge of the claim, standing alone, does not [establish a causal link].). *But see Stephens v. Delhi Gas Pipeline Corp.*, 924 S.W.2d 765, 772 (Tex. App.–Texarkana 1996, writ denied) ("Summary judgment evidence that [the employee] told his supervisors about his [job-related injury] at least raises an inference that [his employer] discharged him because of his potential workers' compensation claim.").

BASF cites Stevens's repeated negative reviews, the two disciplinary letters against her, as well as affidavits from her supervisor stating that Stevens was fired because her work failed to improve after any of the warnings issued to her by BASF.

In light of the evidence establishing BASF's legitimate, nondiscriminatory reason, Stevens must present evidence of a retaliatory motive. In response to this reason, Stevens simply asserts her subjective belief that this reason was pretextual and that any instances of misconduct cited by BASF were "blown out of proportion." Stevens's subjective beliefs, however, do not constitute competent summary judgment evidence. *See Castor v. Laredo Cmty. Coll.*, 963 S.W.2d 783 (Tex. App.–San Antonio 1998, no pet.) ("Subjective beliefs are no more than mere conclusions and are not competent summary judgment evidence.").

Because Stevens's evidence of retaliation is limited to BASF's mere awareness of her injury and intent to file a workers' compensation claim, we hold that the district court properly granted BASF's motion for summary judgment.

AFFIRMED.