In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00129-CV


______________________________




SUZANNE CHHIM, Appellant



V.



UNIVERSITY OF HOUSTON AND


TOM WRAY, DIRECTOR, PHYSICAL PLANT, Appellees




 


On Appeal from the 269th Judicial District Court


Harris County, Texas


Trial Court No. 2000-22584




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Suzanne Chhim filed suit against the University of Houston (UH), and the director
of UH's physical plant, Tom Wray, for wrongful termination and for violation of civil rights
under Title VII, Civil Rights Act of 1964. Chhim filed suit April 25, 2000, alleging she was
terminated because she notified UH and Wray of her intent to file a worker's compensation
claim, and because she was discriminated against on the basis of national origin. UH and
Wray filed a motion for summary judgment pursuant to Tex. R. Civ. P. 166a(b), (i). The trial
court granted this motion on May 22, 2001. Chhim's motion for new trial was denied
June 29, 2001.

 In three points of error, Chhim asserts the trial court erred in granting summary
judgment because: 1) genuine issues of material fact remain on each element of her
wrongful termination claim; 2) the evidence brought forward by the appellees was
incompetent and thus incapable of supporting the motion; and 3) she brought forward
sufficient evidence of her wrongful termination claim to avoid summary judgment. Chhim
has not presented any points of error or argument related to her Title VII claim. (1) Therefore,
only the wrongful termination claim is before this Court.

 Chhim was hired by UH as a lead custodian on July 27, 1997. Pursuant to UH
policy, Chhim was hired on a probationary basis, meaning she was subject to termination
without application of the standard discipline and dismissal policy procedure during her first
six months of employment. Chhim was unable to work December 15, 1997, because she
sustained an injury at her home. Chhim alleges that, while working at UH on
December 16, 1997, she injured her back when she tripped over some equipment in a
storage closet. Chhim went home, unable to continue working. The next day, she reported
her injury to an unidentified receptionist at the UH custodial services/physical plant office. 
She requested paperwork from UH by telephone on December 18 in order to file a worker's
compensation claim. Chhim cannot specifically identify to whom she spoke on either
occasion. 

 After taking her to the doctor on December 17, Chhim's husband dropped off at UH
a copy of a doctor's note explaining Chhim had been injured the night before. He states
in his affidavit he took two additional medical notices to the custodial services/physical
plant offices on December 22, 1997, or January 6, 1998. On at least one of those
occasions, he also informed an unspecified person at UH of Chhim's intent to file a
worker's compensation claim. He was also unable to identify any individual whom he
contacted or who might have received information about Chhim's injury.

 UH sent Chhim a letter, dated January 9, 1998, terminating her employment
effective December 19, 1997. The stated reason was unsatisfactory job performance. 
Chhim called UH on January 12 and talked to Billy Underwood, the UH workers'
compensation claims coordinator, and reported her injury to him. Chhim completed and
submitted an "Employee's Report of Injury" to Underwood, which was forwarded to the
state office of risk management for review. 

 Chhim brought this suit for wrongful termination under Tex. Lab. Code Ann.
§ 451.001 (Vernon 1996) and for violation of her federal civil rights under Title VII. She
alleged, among other things, that she was fired only after and because she indicated her
intent to file a worker's compensation claim for her injuries sustained on December 16,
1997. Chhim subsequently abandoned her Title VII claim, and that issue is not before this
Court. UH and Wray jointly filed a motion for summary judgment based on Tex. R. Civ. P.
166a(b), (i). The trial court granted the motion after a hearing.

 When reviewing a summary judgment, this Court must view the evidence in favor
of the nonmovant, resolving all doubts and indulging all reasonable inferences in favor of
reversal of the summary judgment. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549
(Tex. 1985). The standards that must be applied when reviewing a summary judgment
have been clearly mandated by the Texas Supreme Court:

 1. The movant for summary judgment has the burden of showing
that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law. 


 2. In deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the non-movant will be
taken as true. 


 3. Every reasonable inference must be indulged in favor of the
non-movant and any doubts resolved in its favor. 


Id. at 548-49. Further, this Court must not consider evidence that favors the movant unless
it is uncontroverted. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391
S.W.2d 41, 47 (Tex. 1965). 

 A defendant-movant is entitled to summary judgment if such party establishes, as
a matter of law, that at least one element of the plaintiff's cause of action does not exist. 
Sakowitz, Inc. v. Steck, 669 S.W.2d 105, 107-08 (Tex. 1984). The judgment of the trial
court cannot be affirmed on any ground not specifically presented in the motion for
summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 675
(Tex. 1979). UH and Wray filed a joint motion for summary judgment on grounds that 1)
the Title VII claim must be dismissed as untimely, 2) the Title VII claim must be dismissed
for failure to exhaust administrative remedies, 3) Chhim failed to establish a prima facie
case for retaliatory discharge, and 4) UH had a legitimate reason (poor performance) to
terminate Chhim. We need not address the first two grounds, as Chhim has abandoned
the Title VII claim on appeal.

 Chhim argues the evidence brought forward by the appellees was incompetent and
thus incapable of supporting the motion for summary judgment. The standards for
determining the admissibility of evidence in a summary judgment are the same as those
applied at trial. United Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). 
Decisions on the admissibility of evidence are left to the sound discretion of the trial court. 
Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). To obtain
reversal of a judgment based on the admission or exclusion of evidence, a party must
show that the trial court committed error and that the error was reasonably calculated to
cause and probably did cause the rendition of an improper judgment. Tex. R. App. P.
44.1(a)(1); McCraw v. Maris, 828 S.W.2d 756, 758 (Tex. 1992).

 An affidavit for summary judgment must set forth specific facts, not legal
conclusions. Texas Dep't of Corr. v. Sisters of St. Francis of St. Jude Hosp., 753 S.W.2d
523, 525 (Tex. App.-Houston [1st Dist.] 1988, no writ). The affidavit must allege specific
facts of a nature that can be effectively countered by opposing evidence. Casso v. Brand,
776 S.W.2d 551, 558 (Tex. 1989). If the credibility of the affiant is likely to be a dispositive
factor in resolving the case, summary judgment is often inappropriate. Id. The mere fact
the affidavit is self-serving does not necessarily make the evidence an improper basis for
summary judgment. Trico Techs. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997). 
Summary judgment based on the uncontroverted affidavit of an interested witness is
proper if the evidence is clear, positive, direct, otherwise credible, free from contradictions
and inconsistencies, and could have been readily controverted. Id. (citing Republic Nat'l
Leasing Corp. v. Schindler, 717 S.W.2d 606, 607 (Tex. 1986)); see also Tex. R. Civ. P.
166a(c). "Could have been readily controverted" does not mean the summary judgment
evidence could have been easily and conveniently rebutted, but rather indicates the
testimony could have been effectively countered by opposing evidence. Trico Techs.
Corp., 949 S.W.2d at 310 (citing Casso, 776 S.W.2d at 558). In Tex. Div.-Tranter, Inc. v.
Carrozza, 876 S.W.2d 312, 313 (Tex. 1994), the Texas Supreme Court held affidavits of
interested witnesses could be used to present evidence of a nonretaliatory reason for
termination as long as the affidavits complied with Tex. R. Civ. P. 166a(c). Accord Trico
Techs. Corp., 949 S.W.2d at 310.

 Chhim contends the affidavits submitted by UH and Wray in support of the motion
for summary judgment contained nothing beyond self-serving, conclusory statements by
interested persons and were incapable of supporting a summary judgment even if
uncontroverted. Specifically, she identifies the following statements as insufficient to
support summary judgment: that Chhim was not qualified to perform her job duties, that
she did not report her work-related injury until after she had been terminated, and that she
had provided the incorrect date as to her work-related injury. The statement that Chhim
was not qualified to perform job duties could not be located in the clerk's record, and no
record citations were provided. Chhim did not show that the trial court even considered
this statement, let alone demonstrate how it may have led to an error reasonably calculated
to cause the rendition of an improper judgment. Both the other statements are specific
assertions of fact that Chhim attempted to controvert in affidavits filed in response to the
motion for summary judgment.

 In support of the motion for summary judgment, UH and Wray submitted the
affidavits of three individuals: 1) Tony Gonzales, manager of custodial services and
grounds maintenance for UH; 2) Angela Hunter, a supervisor custodian for UH; and 3)
Underwood. These affidavits go well beyond mere self-serving conclusory statements and
contain specific, factual allegations of events and the dates those events took place. 
These affidavits also have exhibits attached that set forth additional specific supporting
facts. The affidavits in question refer to ascertainable facts, including an alleged lack of
communication between UH employees and Chhim, and were from individuals whom
Chhim had an opportunity to depose. See Ash v. Hack Branch Distrib. Co., 54 S.W.3d 401
(Tex. App.-Waco 2001, pets. denied) (finding no error where trial court considered affidavit
consisting mainly of statements regarding appellee's business practices and of statements
denying communications between appellee and other defendants). 

 The affidavits of Gonzales, Hunter, and Underwood comply with the requirements
of Rule 166a(c). We hold it was not an abuse of discretion to decline to exclude this
evidence when considering the motion for summary judgment. Chhim's second point of
error is overruled.

 We turn now to the remaining bases for summary judgment. Chhim argues she did
establish a causal link between her injury and the decision to terminate her employment. 
She also argues the stated reason for firing her (poor performance) is insufficient to
support summary judgment because material issues of fact remain as to whether this was
a sole, legitimate reason for terminating her employment.

 Section 451.001 of the Texas Labor Code provides that "[a] person may not
discharge or in any other manner discriminate against an employee because the employee
has . . . filed a workers' compensation claim in good faith." Tex. Lab. Code Ann.
§ 451.001(1). Several Texas courts have held that, where employees both suffered an
actual injury and reported the injury to the employer, this is sufficient to invoke the statutory
protection against retaliatory discharge. See Munoz v. H & M Wholesale, Inc., 926 F.Supp.
596, 603 (S.D. Tex. 1996) (noting before company terminated employee, employee
sustained an on-the-job back injury for which company sent him to doctor and chiropractor
and company filed its first report of injury regarding incident); Duhon v. Bone & Joint
Physical Therapy Clinics, 947 S.W.2d 316, 317-18 (Tex. App.-Beaumont 1997, no writ)
(holding employee invoked protection of statute when she sustained an on-the-job injury
and reported it to her employer the next day); Worsham Steel Co. v. Arias, 831 S.W.2d 81,
82, 84 (Tex. App.-El Paso 1992, no writ) (commenting an employee informing his
supervisor of a back injury sustained while in scope of his employment before he was
terminated was affirmative step toward instituting worker's compensation proceeding); Hunt
v. Van Der Horst Corp., 711 S.W.2d 77, 80 (Tex. App.-Dallas 1986, no writ) (concluding
employee instituted a proceeding when he informed his supervisor he had suffered an
injury on the job and was going home and to see a doctor); Tex. Steel Co. v. Douglas, 533
S.W.2d 111, 115 (Tex. Civ. App.-Fort Worth 1976, writ ref'd n.r.e.).

 The burden of proof is on the employee to demonstrate the causal link between the
discharge and the institution of a worker's compensation proceeding, an element of the
employee's prima facie case for retaliatory discharge. Tex. Lab. Code Ann. § 451.002(c)
(Vernon 1996); see Garcia v. Allen, 28 S.W.3d 587, 600 (Tex. App.-Corpus Christi 2000,
pet. denied). The employee must prove that, but for the institution of a worker's
compensation proceeding, the discharge would not have occurred when it did. See Cont'l
Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); see also City of Fort
Worth v. Zimlich, 29 S.W.3d 62, 65 (Tex. 2000). An employee can meet the burden of
proof without showing that such employee was discriminated against solely because of the
proceeding. The employee must show, however, that the institution of the worker's
compensation proceeding was at least a determining factor in the discriminatory conduct. 
Terry v. S. Floral Co., 927 S.W.2d 254, 257 (Tex. App.-Houston [1st Dist.] 1996, no writ);
see also Gorges Foodservice, Inc. v. Huerta, 964 S.W.2d 656, 665-66 (Tex. App.-Corpus
Christi 1997, no pet.). This causal connection may be established by direct or
circumstantial evidence and by reasonable inferences arising from it. See Garcia, 28
S.W.3d at 600. 

 Chhim produced no direct evidence of causation. Examples of circumstantial
evidence that may be sufficient to establish a causal link between termination and filing of
a compensation claim include 1) knowledge of the compensation claim by those making
the decision on termination, 2) expression of a negative attitude toward the employee's
injured condition, 3) failure to adhere to established company policy, 4) discriminatory
treatment in comparison to similarly situated employees, 5) sudden changes in an
employee's work performance evaluations following a worker's compensation claim, and
6) evidence that the stated reason for the discharge was false. See C & D Robotics, Inc.
v. Mann, 47 S.W.3d 194, 198 (Tex. App.-Texarkana 2001, no pet.) (quoting Cazarez, 937
S.W.2d at 451); Castor v. Laredo Cmty. Coll., 963 S.W.2d 783, 785 (Tex.
App.-San Antonio 1998, no pet.).

 Chhim argues there was a sudden change in her employment evaluations. She has
failed, however, to put on competent evidence of her contention. She merely states that
she was not shown the two documents submitted by UH which were critical of her
performance and that she was told the contrary of their contents. Her assertions amount
to nothing more than conclusory allegations and unsupported speculation. The nonmovant
must come forward with more than mere conclusory allegations, improbable inferences,
and unsupported speculation to survive summary judgment. Fenley v. Mrs. Baird's
Bakeries, Inc., 59 S.W.3d 314, 320 (Tex. App.-Texarkana 2001, pet. denied) (citing Int'l
Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1266 (5th Cir. 1991)). Chhim has produced
no evidence of a causal link with respect to a change in performance evaluations.

 Chhim also contends there is evidence of a negative attitude toward her on the part
of UH and Wray, and that the stated reason for her termination was false. In support, she
first points to the two negative evaluations submitted by UH and Wray in support of their
motion for summary judgment. She argues that, because she did not see the evaluations
before her termination, they must have been fabricated. This is unsupported speculation
and is no evidence of a causal link. She also points to a dispute which occurred in
September 1997 regarding a time sheet. The evidence in question, a note written by
Hunter in support of Chhim, shows a positive attitude toward Chhim. The note offers no
indication of any attitude, positive or otherwise, on the part of Gonzales. Chhim has
produced no evidence of a causal link with respect to either a negative attitude toward her
or of a false reason for her discharge.

 Chhim submitted affidavits from her and her husband indicating that medical notices
had been delivered to UH personnel regarding Chhim's condition and that they had both
made statements to UH personnel regarding her intent to file a worker's compensation
claim. Chhim also alleged she called a secretary, informed the secretary of her injury, and
requested worker's compensation paperwork. When asked whose office she had called,
Chhim replied, "the physical plant maintenance . . . for custodian for building." Chhim
further indicated the secretary worked in the same office as Gonzales, but in a different
room. She could not identify this secretary. Gonzales was employed as manager of
custodial services and grounds maintenance, and Chhim was employed as a lead
custodian in his department. Chhim argues that, "It is highly probable and likely that
Chhim's inquiries ultimately reached the desks of Hunter [and] Gonzales . . . ." We must
take all factual inferences in Chhim's favor at this stage of the proceedings. Nixon, 690
S.W.2d at 548-49. Absent unchallenged evidence to the contrary, we must grant the
inference to Chhim that the unnamed secretary informed Gonzales of her injury. We
cannot grant the same inference with respect to Hunter, because no evidence connects
Hunter with the secretary. Under the authorities cited above, Chhim's notice to UH in the
form of telephone calls indicating her on-the-job injury, copies of medical notices indicating
her injury, along with the inference the physical plant secretary passed this information
along to Gonzales, is sufficient to initiate a worker's compensation proceeding and invoke
the protection of Section 451.001. See, e.g., Munoz, 926 F.Supp. at 603; Duhon, 947
S.W.2d at 317-18.

 UH and Wray argue Chhim failed to set forth her prima facie case for retaliatory
discharge because she has not shown a causal connection between her termination and
her notice of intent to file a worker's compensation claim. They contend their summary
judgment proof conclusively defeated notice, because the individuals who made the
termination decision state in their affidavits they did not know Chhim planned to file a
worker's compensation claim. Gonzales and Hunter set forth identical statements in their
affidavits: that "Ms. Chhim did not report to me any work related injuries on December 16,
1997, nor on any day before or after December 16, 1997." Chhim did not provide evidence
to the contrary, so the statements may be taken as true in favor of the movants, UH and
Wray. The statements, however, do not address the notice argument advanced by Chhim. 
Chhim relies on an inference, rather than direct evidence, that Gonzales knew of her injury
because she told a secretary who worked in the same office, but in a different room. UH
and Wray could have defeated this inference by evidence that would have tended to rebut
the chain of information from the secretary to Gonzales. Without evidence to the contrary,
the inference that Gonzales was informed by the secretary must be granted to Chhim. It
is the burden of the movant at summary judgment to establish right to judgment as a
matter of law by refuting an element of the nonmovant's claim. Steck, 669 S.W.2d at
107-08. Notice was the only basis on which UH and Wray challenged Chhim's prima facie
case. They have not conclusively established they lacked notice; thus, they have not
defeated Chhim's prima facie case for wrongful termination.

 UH and Wray's affidavits also suggest they only had notice of an accident that
occurred at Chhim's home, which was unrelated to work. Thus, their action in terminating
Chhim would be unrelated to her claimed on-the-job injury. This evidence, however, does
nothing more than create a fact issue as to whether Chhim's continuing absence after
December 16 was due to her injury on December 15, her injury on December 16, or both. 
The evidence further shows a discrepancy regarding the nature of the injury Chhim
suffered at home December 15. Her leave request form indicates back pain as the reason,
while her deposition testimony identifies an ankle injury. The fact Chhim was injured
December 15 does not foreclose the possibility of an on-the-job injury on December 16. 
The initiation of a worker's compensation proceeding related to the latter may still have
contributed to Chhim's termination. It is a genuine issue of material fact whether Gonzales
was aware of only one or both of these injuries. 

 The fact that Gonzales was aware of an injury to Chhim, and that this influenced the
decision to terminate her employment, was established by Gonzales' affidavit. Chhim was
sent a termination notice on January 9, 1998, within three weeks of the incident. Gonzales
stated the notice was backdated to effect termination just days after the injury was
reported, because that was when Chhim's sick leave benefits had been exhausted. This
admission directly connects the timing of her termination to Chhim's injury-induced
absence. Although it is undisputed that she did not file formal worker's compensation
forms until after she received notice of termination, Chhim stated in her affidavit she had
attempted to get copies of the forms earlier. The forms were not sent to her, however, until
after she talked to Underwood on January 12, 1998. The acknowledgment by Gonzales
that Chhim's termination was timed according to her injury, combined with the inference
that Gonzales knew, through the physical plant secretary, of Chhim's injury and her intent
to file a worker's compensation claim, establish the causal connection required by Section
451.001.

 Once the employee has established a causal connection between the institution of
a worker's compensation proceeding and the adverse employment action, the burden shifts
to the employer to establish a valid, nondiscriminatory reason for that action. See Fenley,
59 S.W.3d at 319 (citing Piper v. Kimberly-Clark Corp., 970 F.Supp. 566, 574 (E.D. Tex.
1997)). The nondiscriminatory reason must demonstrate the termination was unrelated
to the employee's pursuit of worker's compensation benefits. Id. 

 UH cited poor performance, combined with the approaching end of the probationary
employment period, as the nonretaliatory basis for terminating Chhim. The summary
judgment evidence submitted by UH and Wray shows that regular staff employees must
complete a six-month probationary period. At any time during this period, the employee
may be terminated without the application of UH's discipline and dismissal policies and
procedures. UH also submitted evidence the policy included terminating probationary
employees like Chhim without following the standard policies for regular employees. No
evidence was submitted regarding what policies, if any, actually apply to probationary
employees. UH and Wray argue they have therefore established a legitimate basis for
terminating Chhim, citing this Court's decision in Fenley, 59 S.W.3d 314. In Fenley, we
held an employee's termination, pursuant to the uniform application of a reasonable
absentee policy, forecloses the possibility that the reason for termination was at least partly
due to the assertion of a worker's compensation claim. See id. at 320. We disagree the
evidence supplied in this case-proof of action coupled with a complete absence of any
policy whatsoever-is comparable to proof of behavior in conformity with a pre-established,
uniformly applicable set of standards. All the evidence provided describes the status of
probationary employees by reference to the nonapplicability of the policies that do apply
to nonprobationary employees. There is no evidence of any positive policy expressly
applicable to employees like Chhim. UH and Wray have only established that their action
in terminating Chhim was in conformity with a stated lack of policy. This is insufficient to
meet their summary judgment burden of rebutting the connection between Chhim's injury
and her termination.

 The evidence provided by UH and Wray also fails to provide any alternate
explanation for the timing of Chhim's discharge. She was hired July 27, 1997. Her six-month probationary period would extend through January 27, 1998. No explanation was
offered as to why Chhim was terminated effective December 19, 1997, beyond Gonzales'
statement that the date was tied to Chhim's absence.

 UH and Wray also submitted two negative evaluations of Chhim's performance. 
One was handwritten by Hunter, dated October 31, 1997. The other was on an official
performance review form, completed December 22, 1997 (five days after Chhim stopped
working). Chhim was retained as an employee for more than six weeks after the first
evaluation. Her termination was made effective after her injury but before the date of the
second evaluation. Even if these forms established that those responsible for her
termination believed Chhim to be an ineffective employee, UH and Wray have failed to
show the injury had no impact on the timing of their decision to terminate her. 

 In deciding a motion for summary judgment, the burden of persuasion remains
always on the movant to demonstrate entitlement to judgment as a matter of law. Chhim
has raised a fact issue, by specific fact and reasonable inference, that there is a causal
connection between her institution of a worker's compensation proceeding and her
termination. The appellees have failed to rebut that connection and have therefore failed
to establish their right to judgment as a matter of law.

 Chhim has abandoned any complaint as to her Title VII claim by failing to present
any argument to this Court. The judgment of the trial court granting summary judgment as
to the Title VII claim is affirmed.

 Summary judgment was improper as to Chhim's claim of wrongful termination,
because genuine issues of material fact remain. The judgment of the trial court granting
summary judgment to UH and Wray on the wrongful termination claim is reversed and 
remanded for further proceedings.


 Donald R. Ross

 Justice

Date Submitted: February 28, 2002

Date Decided: May 2, 2002


Publish

1. The record shows Chhim did not timely file her Title VII claim in the trial court. She
was sent a right to sue letter on July 16, 1999, granting ninety days to bring suit. She did
not add a Title VII claim to her amended petition until September 1, 2000.