Deborah M. TERRY, Appellant,

v.

SOUTHERN FLORAL COMPANY, Appellee.

No. 01–96–00030–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 18, 1996.

Syd Phillips, Houston, for appellant.

Donna S. Cude, Eden P. Sholeen, Judie A. Corwin, Houston, for appellee.

Before SCHNEIDER, C.J., and WILSON and HEDGES, JJ.

## OPINION

HEDGES, Justice.

The question before us in this worker's compensation retaliation case is whether the employer's reason for termination is nondiscriminatory as a matter of law. TEX. LAB. CODE ANN. § 451.001 (Vernon Pamp.1996).[1] Appellant/plaintiff, Deborah M. Terry, appeals from a summary judgment entered in favor of appellee/defendant, Southern Floral Company (Southern). We affirm.

## FACTS

Southern, a flower wholesaler, hired Terry in 1989 as a salesperson in its Houston warehouse and distribution center. While employed at Southern, Terry suffered at least three different injuries. In 1990 and 1992, Terry filed workers' compensation claims and continued her employment at Southern.

On October 29, 1993, Terry injured her back on the job and reported the injury to her supervisor. After her injury, Terry missed a great deal of work. On February 9, 1994, Terry was restricted from work by her doctor. Other than a four-hour time period on March 15, 1994, Terry did not attempt to return to work.

On August, 22, 1994, Southern notified Terry by certified letter that, due to the extended length of time that she had been on leave of absence, her employment was terminated. Southern also informed her that once she was released by her doctor, she would be given first preference for any available opening for which she was qualified. As of the date of her deposition, April 10, 1995, Terry's doctor had not released her to return to work, nor had he indicated when she would be released to return to work.

## STANDARD OF REVIEW

Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Randall's Food Mkts., Inc., v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). If the defendant meets this burden, summary judgment for the defendant is proper unless the plaintiff can produce controverting evidence that raises a fact issue on one of the elements the defendant negated. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Leach v. Conoco, Inc.*, 892 S.W.2d 954, 958 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.). In reviewing the granting of a summary judgment motion, we must accept as true any evidence in favor of the nonmovant, indulging every reasonable inference and resolving all doubts in its favor. *Randall's Food Mkts., Inc.*, 891 S.W.2d at 644.

## RETALIATORY DISCHARGE

Terry claims that she was discharged by Southern in violation of section 451.001 of the Texas Labor Code for having filed a worker's compensation claim. Section 451.001 is a statutory exception to the Texas common law doctrine of employment-at-will. *Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 589 (5th Cir.1995); *Swearingen v. Owens-Corning Fiberglas Corp.*, 968 F.2d 559, 561 (5th Cir.1992). The purpose of the statute is "to protect persons who are entitled to benefits under the Worker's Compensation Law and to prevent them from being discharged by reason of taking steps to collect such benefit." *Carnation Co. v. Borner*, 610 S.W.2d 450, 453 (Tex.1980).

The statute provides:

1. Article 451.001 became effective September 1, 1993, and is a recodification of TEX.REV.CIV. STAT. ANN. art. 8307c, § 1 (Vernon Supp.1992), now repealed. The recodification did not change the substantive law.

A person may not discharge or in any other manner discriminate against an employee because the employee has:

(1) filed a workers' compensation claim in good faith;

(2) hired a lawyer to represent the employee in a claim;

(3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or

(4) testified or is about to testify in a proceeding under Subtitle A.

TEX. LAB.CODE ANN. § 451.001 (Vernon Pamp.1996). Unless one of the four specific circumstances in the article motivated the employer to discharge the employee, that employee cannot prevail on a claim based on this article. *Burfield,* 51 F.3d at 589.

■■■ An employee asserting a violation of section 451.001 has the initial burden of demonstrating a causal link between the discharge and the filing of the claim for workers' compensation benefits. *Burfield,* 51 F.3d at 589–90; *Palmer v. Miller Brewing Co.,* 852 S.W.2d 57, 61 (Tex.App.—Fort Worth 1993, writ denied); *see* Tex. Lab.Code Ann. § 451.002 (Vernon Pamp.1996) (placing the burden of proof on the employee). Although the employee can meet this burden without showing that he was fired solely because of the filing of the workers' compensation claim, he must show that the filing of the claim was at least a determining factor in the discharge. *Burfield,* 51 F.3d at 589–90. This causal connection is an element of the employee's prima facie case, and may be established by direct or circumstantial evidence. *Continental Coffee Prods. Co. v. Cazarez,* 903 S.W.2d 70, 77 (Tex.App.—Houston [14th Dist.] 1995, pet. granted); *Investment Properties Management, Inc. v. Montes,* 821 S.W.2d 691, 694 (Tex.App.—El Paso 1991, no writ).

■■ Once the link is established, it is the employer's burden to rebut the alleged discrimination by showing there was a legitimate reason behind the discharge. *Continental Coffee Prods. Co.,* 903 S.W.2d at 77; *Hughes Tool Co. v. Richards,* 624 S.W.2d 598, 599 (Tex.Civ.App.—Houston [14th Dist.], writ ref'd n.r.e.), *cert denied,* 456 U.S. 991,

102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982). Thereafter, in order to survive a motion for summary judgment, the burden shifts back to the employee to produce controverting evidence of a retaliatory motive. *See Texas Division–Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex.1994).

Southern did not argue in its motion for summary judgment that Terry failed to discharge her initial burden of showing that a causal link existed between Terry's worker's compensation claim and her termination. Therefore, the trial court did not rely on that legal theory in granting summary judgment, and we will assume that there is a fact issue concerning whether the link exists. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 342 (Tex.1993).

## LEGITIMATE REASON FOR DISCHARGE

■■ The Texas Supreme Court has recently ruled that an employer is entitled to summary judgment in a Chapter 451 retaliatory discharge action when a legitimate, non-discriminatory reason for the discharge is established and the employee fails to produce evidence of a retaliatory motive. *See Carrozza,* 876 S.W.2d at 312–14. In *Carrozza,* the employee/plaintiff was injured on the job and received compensation benefits and medical leave. *Id.* at 313. The employee did not report to work the day he was scheduled to return and did not inform the employer that he would not be reporting to work as scheduled. *Id.* As a consequence, he was terminated pursuant to an absence-control policy in the company's collective bargaining agreement. *Id.*

As summary judgment proof, the employer submitted affidavits of supervisory personnel stating that the employee's termination was unrelated to his compensation claim; rather, he was terminated solely for violating a company policy dictating "mandatory termination of any employee who, failing special circumstances, is absent three consecutive work days without receiving permission beforehand, or giving notice during those three days." 876 S.W.2d at 313. The *Carrozza* Court held that uniform enforcement of a reasonable absence-control provision was a "legitimate, non-discriminatory reason for

the discharge," and did not constitute retaliation. *Id.* Although the employee recited in his own affidavit that he believed in good faith that he was terminated because he filed a worker's compensation claim, and that there was no other legitimate reason for his termination, the Court found that the employee offered no evidence which would sufficiently challenge the employer's explanation that the termination was the result of non-discriminatory application of the company's absence-control policy. *Id.* at 314.

The facts in this case are similar to those in *Carrozza.* Southern's summary judgment evidence included the depositions of Deborah Terry and of James Jannise, her direct supervisor at Southern. In the Jannise deposition, Jannise unequivocally testified that "the decision to terminate Ms. Terry's employment was not because she had filed a workers' compensation claim." Rather, he stated,

> Deborah Terry was absent for several weeks in 1992, and she worked for only short periods in January of 1994. She then ceased working altogether as of February 9, 1994, except for a four-hour time period on March 15, 1994. Thereafter, Ms. Terry was continuously absent. There was no indication that Ms. Terry would be able to return to work in the foreseeable future, and it became apparent in August of 1994 that the sales accounts simply were not getting the amount of attention which they required. Accordingly, it became impossible to hold Plaintiff's position open due to the need to hire a replacement for that position, and the decision was made to terminate Ms. Terry's employment.
>
> . . .
>
> Furthermore, in accordance with the Company's policy, Ms. Terry was notified that at the time she was released to return to work by her doctor, she would be given first preference for any position openings for which she was qualified.

In her deposition, submitted as summary judgment proof, Terry testified that while employed at Southern, she suffered three work-related injuries before the injury in question. Each time she consulted a doctor, missed work, filed a workers' compensation claim, and returned to work at Southern after the injury healed. She also testified that after her injury on October 29, 1993, Southern attempted to decrease her workload and provided her with an order puller, a lifter, and a carryout person to assist with her work. She still missed a great deal of work, however, and February 4, 1994, was the last day she worked at all. Terry was not terminated until August 22, 1994. Even though Terry had filed several worker's compensation claims over the past five years, she had not been terminated for filing those previous claims and had been allowed to return to her job at Southern each time. Southern attempted to accommodate her limited abilities when she returned to work periodically after the October 1993 injury.

The termination letter of August 22, 1994, from Southern to Terry stated that "due to the extended length of time which you have been on leave of absence, we have had to rehire your position." The letter further stated that "if you will notify us when you are released by your Doctor, you will be given first preference for any position openings we have available for which you are qualified."

Terry attempts to persuade us that the *Carrozza* holding[2] is limited to cases in which the employee violated a specific company "absence control policy." We disagree. The supreme court held that the compliance with an absence-control policy in that case provided a "legitimate nondiscriminatory reason for discharge." But we do not read *Carrozza* to mean that only those terminations effected pursuant to absence-control policies are carried out for legitimate nondiscriminatory reasons. Southern's lack of a specific absence-control policy does not compel the conclusion that it retaliated against Terry in violation of section 451.001.

We find that based on the summary judgment evidence, there is no genuine issue of material fact that Southern's articulated reason for terminating Terry constituted a legitimate non-discriminatory reason for her discharge. Absent controverting evidence belying Southern's neutral explanation, sum-

---

**2.** *See also Swearingen,* 968 F.2d at 563; *Palmer,* 852 S.W.2d at 61.

mary judgment based upon Southern's evidence was proper. We next look to see if Terry offered competent controverting evidence.

### EVIDENCE CONTROVERTING NEUTRAL REASON

 Terry's response to Southern's motion for summary judgment is based primarily on the argument that the legitimate reason given by Southern is, on its face, a violation of Section 451.001. Allegations in responsive pleadings, however, are not competent summary judgment evidence. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. The only evidence Terry produced to rebut Southern's reason for her discharge is an affidavit attached to her response in which she recites that:

(1) she was employed by Southern;

(2) she injured her back on the job on October 29, 1993;

(3) she reported the injury to her supervisor;

(4) she worked on and off from the date of the injury until February 9, 1991, when she was restricted from work by her doctor;

(5) other than part of one day, she has not returned to work at Southern;

(6) she had back surgery on June 1, 1994;

(7) since that date, she has been waiting for her doctor to release her to go back to work;

(8) she received a certified letter from Southern on August 22, 1994, terminating her from employment; and

(9) she has not settled her worker's compensation claim as of the date of the affidavit.

Terry's affidavit provides no evidence rebutting Southern's articulated reason for the decision to terminate her employment. She provides no evidence that her termination by Southern was because she filed a workers' compensation claim against the company, or even that the claim was a "determining factor" in her discharge. Even though she states in her deposition that she believes she was discharged because of her worker's compensation claim, her subjective beliefs are no more than conclusions and are not competent summary judgment evidence. *See Carrozza*, 876 S.W.2d at 314. We find Terry failed to produce evidence of a retaliatory motive to rebut Southern's neutral reason for her termination. Therefore, we hold that the trial court properly granted Southern's motion for summary judgment.

We overrule point of error one.

We affirm the judgment of the trial court.