Opinion issued December 12, 2002










 


 

In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00675-CV
____________
 
ETHEL MAE PAGE, Appellant
 
V.
 
FORT BEND INDEPENDENT SCHOOL DISTRICT, Appellee
 

 
 
On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 01CV118977
 

 
 
O P I N I O NAppellant, Ethel Mae Page, challenges the trial court’s summary judgment in
favor of appellee, Fort Bend Independent School District (FBISD), on her Texas
Worker’s Compensation Act claims.


 In three related points of error, Page contends
the trial court erred in granting summary judgment by determining that: (1) Page
failed to establish a causal connection between her discharge and her worker’s
compensation claim, (2) FBISD had a legitimate reason for discharging Page, and (3)
Page failed to produce any evidence of a controverting retaliatory motive. We affirm.
Facts and Procedural Background
           On September 18, 1998, Page, a FBISD cafeteria worker, slipped on a french
fry and injured her back while working in the Highlands Elementary School cafeteria. 
Page reported the injury to the FBISD and to the Texas Worker’s Compensation
Commission, and she received worker’s compensation benefits. After consulting
with her physician, Page was cleared to continue work with restrictions on October
6, 1998. However, on October 13, 1998, Page applied for leave under the Family
Medical Leave Act. FBISD, on November 19, 1998, granted Page medical leave and
informed her that “use of all leave” was to run “concurrently.” Page then returned to
work from December 7 to December 10, 1998, before her doctor excused her again
from work. Page made a final effort to work under restricted duty status on January
5, 1999, but on January 13, 1999, she again went on leave and never returned to
work.
          Page’s medical leave expired in February 1999, and FBISD, in a letter dated
March 11, 1999, notified Page that her continuing leave of absence was classified as
“Temporary Disability Leave.” Additionally, the letter stated that FBISD required
use of temporary disability leave to run “concurrently” with family medical leave and
that the maximum length of leave was “180 calendar days.” On May 21, 1999,
FBISD informed Page, by letter, that it was terminating her employment “due to
exhausted leave absence.” 
Standard of Review
          The issue on appeal of a summary judgment is whether the movant met its
summary judgment burden by establishing that no genuine issue of material fact
exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c);
Calvillo v. Gonzalez, 922 S.W.2d 928, 929 (Tex. 1996). The burden of proof is on
the movant, and all doubts about the existence of a genuine issue of material fact are
resolved against the movant. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223
(Tex. 1999). When a movant has shown that it is entitled to summary judgment, the
nonmovant must come forward with evidence or law that precludes the summary
judgment. Star-Telegram, Inc. d/b/a Fort Worth Star-Telegram v. Doe, 915 S.W.2d
471, 474 (Tex. 1995).
 
Retaliatory Discharge
          Page claims that the trial court erred in granting summary judgment because
she established, under section 451.001 of the Labor Code, that FBISD retaliated
against her for filing her worker’s compensation claim. See Tex. Lab. Code Ann.
§ 451.001. To establish a retaliatory discharge claim under section 451.001, an
employee must prove that “but for” her filing of a worker’s compensation claim, the
discharge would not have occurred when it did. Trico Techs. Corp. v. Montiel, 949
S.W.2d 308, 312 (Tex. 1997).
          An employee asserting a violation of section 451.001 has the initial burden of
demonstrating a causal link between the discharge and the filing of the claim for
worker’s compensation benefits. Terry v. S. Floral Co., 927 S.W.2d 254, 257 (Tex.
App.—Houston [1st Dist.] 1996, no writ). An employer is entitled to summary
judgment in a section 451.001 retaliatory discharge action when the employer asserts
a legitimate, nondiscriminatory reason for the discharge, and the employee does not
produce evidence of a retaliatory motive. Tex. Division-Tranter, Inc. v. Carrozza,
876 S.W.2d 312, 313 (Tex. 1994) (per curiam). The Texas Supreme Court has held
that an employer who terminates an employee for violating a reasonable absence-control policy, as a nondiscriminatory reason for discharge, cannot be held liable for
retaliatory discharge as long as the policy is uniformly enforced. See Cont’l Coffee
Prods. Co. v. Cazarez, 937 S.W.2d 444, 451 (Tex. 1996); see also Terry, 927 S.W.2d
at 256 (holding that even where there is no specific absence-control policy, excessive
absences may be legitimate, non-discriminatory reason for termination). Thus, if
FBISD enforced its absence-control policy uniformly and Page violated it, then
Page’s section 451.001 action would fail as a matter of law. See Cazarez, 937 S.W.2d
at 451. An employee may controvert the absence-control policy with evidence of
facts and circumstances belying the employer’s neutral explanation and thereby raise
a material issue of fact. Carrozza, 876 S.W.2d at 313. 
           Here, FBISD’s summary judgment evidence included affidavits of supervisory
and administrative personnel, stating that Page was terminated solely because she
violated FBISD’s180-day absence policy. Page challenges the reasonableness of the
policy by arguing that only “work days” should be counted toward the 180-day
limitation. However, FBISD’s temporary leave of absence-control policy expressly
states that the “maximum length of Temporary Disability Leave is 180 calendar
days.” (emphasis added). The policy also expressly states that all leave will run
“concurrently.” Thus, Page’s medical leave and her temporary disability leave began
on October 13, 1998 and continued until May 17, 1999. Upon her termination on
May 21, 1999, Page had exhausted her available leave of 180 calendar days.
          Page further contends that a retaliatory motive can be found in the summary
judgment evidence. She asserts that FBISD’s labeling her as a “substitute cafeteria
worker” in certain documents proves that her job status as a regular employee was
downgraded as a result of retaliation. However, the record reveals that Page has
mischaracterized the documents upon which she relies. One document, containing
the “substitute” description, is a FBISD form used to request a new “substitute”
employee to fill Page’s position while Page was on leave. 
          Additionally, Page contends that FBISD “expressed a negative attitude” toward
her impaired condition. She claims that FBISD did not honor the light-duty
restrictions placed upon her by her physician, that FBISD’s human resource
department refused to accept faxes describing her medical condition, and that FBISD
employees were “rude” and “intolerant” toward her. However, the Texas Supreme
Court has held that “an employee’s subjective beliefs are no more than conclusions
and do not raise a fact issue precluding summary judgment in a retaliatory discharge
action under the Worker’s Compensation Law.” Cazarez, 937 S.W.2d at 452
(quoting Carrozza, 876 S.W.2d at 314). Page’s contentions are based solely on her
subjective beliefs and do not raise an issue of material fact as to whether her
termination was a retaliatory discharge. In addition, Page offered no summary
judgment evidence that FBISD’s absence policy was not applied uniformly.
          We conclude there is no summary judgment evidence that FBISD’s absence-control policy was unreasonable or that it was not applied uniformly. Page offered
no evidence, either circumstantial or direct, to call into question FBISD’s explanation
that Page’s termination was due solely to the fact that she exhausted all leave time
available to her. Therefore, we hold the trial court did not err in finding that FBISD
established its right to judgment as a matter of law based on FBISD’s uniform
enforcement of a reasonable absence-control policy. Accordingly, we overrule Page’s
three points of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.