Opinion issued June 19, 2003








     







In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00872-CV




MICHAEL HARDY, JOHN ANDERSON, KENNETH MOSLEY AND
DONTA JACKSON, Appellants

V.

AAA COOPER TRANSPORTATION, INC., Appellee




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2001-23690




MEMORANDUM OPINION

          Appellants, Michael Hardy, John Anderson, Kenneth Mosley and Donta
Jackson, contest the trial court’s grant of summary judgment to AAA Cooper
Transportation, (“Cooper”), in their suit alleging retaliatory termination for filing
workers’ compensation claims. Essentially, appellants argue on appeal that Cooper
did not meet its summary judgment burden of negating at least one element of
appellants’ cause of action and that genuine issues of material fact precluded
summary judgment in Cooper’s favor. We affirm the judgment of the trial court.
Background
          Cooper has a leave of absence policy that, in addition to the 12 weeks’ unpaid
leave provided in accordance with the Family Medical Leave Act (“FMLA”), also
provides an additional 60 days of extended unpaid leave to employees who have been
injured in the workplace or are suffering from a serious medical condition. Cooper’s
leave policy requires employees on this extended unpaid leave to return to work after
the expiration of the 60 days. Appellants are former Cooper employees who filed
workers’ compensation claims and took unpaid leave as a result of injuries they
suffered on the job. After the expiration of the 12-week FMLA leave and the
expiration of the extended 60 days of unpaid leave provided by Cooper, each of the
appellants was terminated for not returning to work. Appellants subsequently filed
this wrongful termination suit, alleging that their terminations were made in
retaliation for their workers’ compensation claims and that their terminations thus
violated Texas Labor Code section 451.002. 
          Cooper filed a general denial and raised affirmative defenses to appellants’
wrongful termination claim. At the close of the discovery period, Cooper filed a
motion for summary judgment. Cooper’s motion for summary judgment presented
the affidavit of Jean Jones, Cooper’s personnel manager. Jones stated that the reason
underlying each of the terminations at issue was the employee’s failure to return to
work after the expiration of the extended 60 days unpaid leave. Appellants filed a
response to Cooper’s motion for summary judgment. The trial court granted Cooper’s
motion for summary judgment. 
Standard of Review
          Summary judgment is proper for a defendant only if the defendant establishes
that no genuine issue of material fact exists as to one or more essential elements of
the plaintiff’s claim and that it is entitled to judgment as a matter of law. Tex. R. Civ.
P. 166a(c); Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). 
If the defendant meets this burden, summary judgment for the defendant is proper
unless the plaintiff can produce controverting evidence that raises a fact issue on one
of the elements the defendant negated. See City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979); Terry v. S. Floral Co., 927 S.W.2d 254, 256
(Tex. App.—Houston [1st Dist.] 1996, no writ). We review the granting of a
traditional summary judgment motion under a de novo standard. See Natividad v.
Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). In reviewing the granting of a
summary judgment, we must accept as true any evidence in favor of the nonmovant,
indulging every reasonable inference and resolving all doubts in its favor. Randall’s
Food Mkts., Inc., 891 S.W.2d at 644.
Analysis
          The Workers’ Compensation Act prohibits employers from discharging an
employee merely because the employee files a workers’ compensation claim. Tex.
Lab. Code Ann.§ 451.001(1) (Vernon Supp. 2003). In enacting this law, the
legislature sought to protect employees who are entitled to benefits under the
workers’ compensation scheme and to prevent employers from firing them for taking
steps to collect benefits. Carnation Co. v. Borner, 610 S.W.2d 450, 453 (Tex. 1980). 
          An employee claiming discharge in violation of section 451.001 bears the
initial burden of at least demonstrating a causal link between the workers’
compensation claim and the alleged wrongful termination. Terry, 927 S.W.2d at 257. 
The employee need not prove that the workers’ compensation claim was the sole
cause of the termination, but he must show that the workers’ compensation claim was
at least a determining factor in the dismissal. Id. This causal connection is an
element of the employee’s prima facie case, and may be established by direct or
circumstantial evidence. Id. Circumstantial evidence includes, but is not limited to:
(1) knowledge of the compensation claim by those making the decision on
termination, (2) expression of a negative attitude toward the employee’s injured
condition, (3) failure to adhere to established company policies, (4) discriminatory
treatment in comparison to similarly situated employees, and (5) evidence that the
stated reason for discharge was false. Continental Coffee Prods. v. Cazarez, 937
S.W.2d 444, 451 (Tex. 1996). Once the employee has established the causal link
between his termination and his filing a workers’ compensation claim, it is the burden
of the employer to rebut the alleged improper termination by showing that there was
a legitimate reason behind it. Terry, 927 S.W.2d at 257. Thereafter, in order to
survive summary judgment, the burden shifts back to the employee to produce
controverting evidence of a retaliatory motive. See Tex. Division-Tranter, Inc. v.
Carrozza, 876 S.W.2d 312, 313-14 (Tex. 1994). 
          On appeal, appellants argue that the trial court erred when it granted summary
judgment because (1) appellants pled sufficient facts to establish a causal link
between their workers’ compensation claims and their terminations, (2) Cooper did
not meet its burden of proof of negating the causal link between the workers’
compensation claims and the terminations, and (3) each of the appellants raised a
genuine issue of material fact regarding their allegations that they were discharged
in retaliation for filing workers’ compensation claims. 
          At the outset, we note that the trial court’s order does not specify the grounds
on which it granted summary judgment. Accordingly, we will affirm the summary
judgment if any of the theories advanced in the motion is meritorious. See State
Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). 
          In their petition, appellants alleged that they were former employees of Cooper
who had been injured at their workplace, had filed workers’ compensation claims in
good faith, and had subsequently been terminated. Appellants alleged that they were
harassed and terminated as a result of filing their workers’ compensation claims. 
Cooper filed a general denial in response to appellants’ petition. In addition to its
general denial, Cooper further asserted additional and affirmative defenses.
          At the close of discovery, Cooper moved for summary judgment on appellants’
claims. In support of its summary judgment motion, Cooper provided: (1) the
affidavit of Jean Jones, the personnel manager at Cooper, and exhibits attached to
Jones’s affidavit,


 and (2) transcripts from the depositions of each of the appellants.
          The summary judgment evidence submitted by Cooper showed that its FMLA
leave policy provided 12 weeks of unpaid leave per year to qualifying employees and
that, in addition to this FMLA leave, Cooper provided an extended 60 days of unpaid
leave to employees who were unable to return to work at the end of their FMLA leave
due to a serious medical condition or an on-the-job injury. The policy stated that
employees who did not return to work at the end of this extended leave would be
terminated. Jones’s affidavit states that Cooper consistently enforced both its FMLA
and extended leave policies and that she was unable to find a single instance of any
employee being kept on after exhausting both FMLA and extended leave. Finally,
Jones stated that appellants’ terminations were unrelated to their workers’
compensation claims.
          Cooper also presented the deposition testimony of appellants themselves. This
evidence showed that, although appellants stated that they believed their terminations
were a direct result of their workers’ compensation claims and that, although some
of the appellants had heard statements by managers indicating that workers’
compensation benefits might be denied, none of the appellants were able to point to
other Cooper employees who had filed workers’ compensation claims, had exhausted
their extended 60 days leave, and had not been terminated. Most importantly, in his
deposition, one of the appellants admitted that, due to his numerous absences, he
would have been terminated whether or not he had filed a workers’ compensation
claim. Accordingly, Cooper’s evidence showed that appellants were terminated
because they had exhausted both their 12-week FMLA leave and their extended 60-day leavenot because they filed workers’ compensation claims. 
           In response, appellants provided affidavits from themselves. However, these
affidavits did not controvert the evidence presented by Cooper’s motion for summary
judgment. 
          Reviewing the summary judgment evidence presented to the trial court, we
hold that the trial court did not err when it granted summary judgment in Cooper’s
favor. Although appellants alleged that they were wrongfully terminated as a result
of filing workers’ compensation claims, the summary judgment evidence presented
by Cooper was sufficient to negate the necessary element of causation in appellants’
claims. The summary judgment evidence presented by Cooper showed that
appellants were terminated pursuant to a uniformly enforced absence policy unrelated
to their workers’ compensation claim—Cooper’s uncontroverted evidence showed
that appellants were terminated for exhausting their leave and not returning to work
rather than for filing workers’ compensation claims. A uniform enforcement of a
reasonable absence-control provision does not constitute a retaliatory discharge. 
Continental Coffee Prods., 937 S.W.2d at 451. “An employer who terminates an
employee for violating such a rule cannot be liable for retaliatory discharge as long
as the rule is uniformly enforced.” Id. Appellants’ response to Cooper’s summary
judgment motion did not present any evidence to shoulder their burden of
establishing that the terminations were retaliatory. See Carrozza, 876 S.W.2d at 313-14. Accordingly, we hold that the trial court correctly granted summary judgment in
favor of Cooper.
Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.