Gonzalez v. H&H Meat Products










NUMBER 13-02-00048-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


OSCAR GONZALEZ, Appellant,


v.



H&H MEAT PRODUCTS COMPANY, INC., Appellee.

 


On appeal from the 332nd District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Hinojosa



 Appellant, Oscar Gonzalez, appeals from the trial court's order granting the motion
for summary judgment of appellee, H&H Meat Products Company, Inc. ("H&H"), on
appellant's claims for workers' compensation retaliatory discharge and intentional infliction
of emotional distress. In two issues, appellant contends the trial court erred in granting the
motion for summary judgment. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here. See Tex. R. App. P. 47.4.

A. Summary Judgment


 We review the granting of a traditional motion for summary judgment de novo. See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank Rio
Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.-Corpus Christi 2000, pet.
denied). To prevail, the moving party has the burden of showing that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). In deciding whether
there is a genuine issue of material fact, evidence favorable to the nonmovant will be taken
as true, and all reasonable inferences made, and all doubts resolved, in its favor. Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). Summary judgment is proper
if the movant disproves at least one element of each of the plaintiff's claims or affirmatively
establishes each element of an affirmative defense to each claim. Id.

 When, as here, a trial court's order granting a motion for summary judgment does
not specify the ground or grounds relied on for its ruling, the appellate court will affirm the
summary judgment if any of the theories advanced are meritorious. Dow Chem. Co. v.
Francis, 46 S.W.3d 237, 242 (Tex. 2001); Boren v. Bullen, 972 S.W.2d 863, 865 (Tex.
App.-Corpus Christi 1998, no pet.).

B. Retaliatory Discharge Claim


 In his first issue, appellant contends the trial court erred in granting H & H's motion
for summary judgment on his claim that H&H discharged him in retaliation for his filing a
workers' compensation claim under section 451 of the Texas Labor Code. See Tex. Lab.
Code Ann. § 451.001 (Vernon 1996).

 In its motion for summary judgment, H&H asserted it was entitled to summary
judgment because appellant failed to establish a causal link between his discharge and the
filing of his workers' compensation claim. H&H argued it provided legitimate, non-discriminatory reasons for terminating appellant. Appellant contends that summary
judgment was improper because the evidence raised genuine issues of material fact
concerning H&H's motive in discharging him after he filed a workers' compensation claim.

Section 451.001 of the labor code provides:

A person may not discharge or in any other manner discriminate against an
employee because the employee has:

 


 filed a workers' compensation claim in good faith;


 


 hired a lawyer to represent the employee in a claim;


 


 instituted or caused to be instituted in good faith a proceeding
under Subtitle A; or


 


 testified or is about to testify in a proceeding under Subtitle A. 



Id. The burden of proof is on the employee to demonstrate the causal link between the
discharge and the filing of a workers' compensation claim, an element of his prima facie
case for retaliatory discharge. Tex. Lab. Code Ann. § 451.002(c) (Vernon 1996); West v.
Maint. Tool & Supply Co., Inc., 89 S.W.3d 96, 105 (Tex. App.-Corpus Christi 2002, no
pet.); Garcia v. Allen, 28 S.W.3d 587, 600 (Tex. App.-Corpus Christi 2000, pet. denied). 
The employee must prove that but for the filing of the workers' compensation claim the
discharge would not have occurred when it did. City of Fort Worth v. Zimlich, 29 S.W.3d
62, 67 (Tex. 2000); (1) Cont'l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex.
1996). An employee can meet his burden without showing that he was discriminated
against solely because of the filing of a workers' compensation claim; however, he must
show that the filing of the claim was at least a determining factor in the discriminatory
conduct. West, 89 S.W.2d at 105; Terry v. S. Floral Co., 927 S.W.2d 254, 257 (Tex.
App.-Houston [1st Dist.] 1996, no writ). This causal connection may be established by
direct or circumstantial evidence and by reasonable inferences arising from it. Allen, 28
S.W.3d at 600. 

 Circumstantial evidence sufficient to establish a causal link between termination and
filing a compensation claim includes: (1) knowledge of the compensation claim by those
making the decision on termination; (2) expression of a negative attitude toward the
employee's injured condition; (3) failure to adhere to established company policies; (4)
discriminatory treatment in comparison to similarly situated employees; and (5) evidence
that the stated reason for the discharge was false. Cazarez, 937 S.W.2d at 450-51; Allen,
28 S.W.3d at 600; Gorges Foodservice, Inc. v. Huerta, 964 S.W.2d 656, 665 (Tex.
App.-Corpus Christi 1997, no pet.). Once an employee has established the causal link,
the employer bears the burden to rebut the allegation of retaliatory discharge by showing
there was a legitimate reason behind the termination. Allen, 28 S.W.2d at 600. 
Thereafter, to survive the employer's motion for summary judgment, the burden shifts back
to the employee to produce controverting evidence of a retaliatory motive. Id.

 Assuming appellant alleged a prima facie case of retaliatory discharge, the burden
was on H&H, as the summary judgment movant, to prove a legitimate, nondiscriminatory
reason for appellant's termination. See M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28
S.W.3d 22, 24 (Tex. 2000). In its motion for summary judgment, H&H asserted that it
terminated appellant because he: (1) violated H&H's three-day, absence-control policy;
and (2) refused to accept the only light-duty position available in H&H's warehouse. As
summary judgment proof, H&H submitted affidavits and deposition testimony of
supervisory personnel stating that appellant's termination was unrelated to his workers'
compensation claim; rather, he was terminated for violating the company's three-day,
absence-control policy, and he refused the only light-duty position available at the time. 
H&H also submitted a copy of the pertinent pages of its employee handbook relating to the
three-day, absence-control policy. Compliance with an absence-control policy has been
held to be a legitimate non-discriminatory reason for discharge. See Tex. Division-Tranter,
Inc. v. Carrozza, 876 S.W.2d 312, 313 (Tex. 1994); Terry, 927 S.W.2d at 258-59. 

 We conclude that H&H's summary judgment evidence established that it had a
legitimate, nondiscriminatory reason for terminating appellant. Once H&H established a
legitimate, nondiscriminatory reason, appellant had the burden to show that a fact issue
existed that the company's reasons for terminating him were retaliatory. See Willrich, 28
S.W.3d at 24. 

 Appellant could respond by presenting evidence raising a fact issue on retaliatory
motive or by challenging H&H's summary judgment evidence as failing to prove, as a
matter of law, that the company had a legitimate nondiscriminatory reason for his
termination. See id. In his response to H&H's motion for summary judgment, appellant
did assert that the proffered reason for his termination was false. However, mere
allegations in responsive pleadings are not competent summary judgment evidence. See
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Terry, 927
S.W.2d at 259.

 Appellant produced the following evidence to rebut H&H's reason for his discharge: 
(1) a letter from appellant's treating physician, indicating appellant was advised to return
to light duty work on April 27, 1990, but that appellant and his wife were "unwilling" and
indicated they were going to get a second opinion; (2) a letter from H&H's personnel
director, informing appellant of his option to continue group health insurance coverage; (3)
personnel notes indicating appellant's attorney telephoned H&H's personnel director on
May 15, 1990, and was informed H&H did not have a position for appellant, and that
appellant had refused the light-duty position offered on May 11, 1990; and (4) an excerpt
from appellant's deposition testimony regarding his May 11th meeting with supervisory
personnel at H&H. 

 We conclude that the summary judgment evidence produced by appellant did not
rebut H&H's articulated reason for terminating his employment. Appellant produced no
evidence showing that his employment was terminated because he filed a workers'
compensation claim against the company or even that the claim was a determining factor
in his termination. Appellant failed to produce controverting evidence of H&H's retaliatory
motive. Accordingly, we hold that the trial court did not err in granting H&H's motion for
summary judgment on appellant's retaliatory discharge claim. Appellant's first issue is
overruled.

C. Intentional Infliction of Emotional Distress claim


 In his second issue, appellant contends the trial court erred in granting H&H's
motion for summary judgment on his claim for intentional infliction of emotional distress.
However, nowhere in his response to H&H's motion for summary judgment does appellant
present any argument or evidence regarding this issue.

 Issues not expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal. See Tex. R. Civ. P.
166a(c). Because this issue was not preserved for appellate review, it is overruled. (2)

 We affirm the trial court's order granting H&H's motion for summary judgment.


 FEDERICO G. HINOJOSA

 Justice


Opinion delivered and filed this the

21st day of August, 2003.



 
1. The Zimlich case involves a whistle blower claim. City of Fort Worth v. Zimlich, 29 S.W.2d 62, 67
(Tex. 2000). However, the causation nexus required in that case is applicable to section 451.001 cases. See
Cont'l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); Tex. Dep't of Human Servs. v. Hinds,
904 S.W.2d 629, 635-36 (Tex. 1995); Gorges Foodservice, Inc. v. Huerta, 964 S.W.2d 656, 667 (Tex.
App.-Corpus Christi 1997, no pet.). 
2. We note that the wrongful conduct appellant claims caused his emotional distress is H&H's alleged
wrongful discharge, and H&H met its burden on summary judgment to show that appellant was not entitled
to recover for wrongful discharge. Thus, appellant cannot, as a matter of law, recover on his claim for
intentional infliction of emotional distress resulting from the termination. See Vasquez v. Ritchey, 973 S.W.2d
406, 408 (Tex. App.-Corpus Christi 1998), pet. granted, judgm't vacated w.r.m., 986 S.W.2d 611 (Tex. 1999)
(per curiam).