# NO. 12-12-00331-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CURTIS MCCLENDON,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *DEEP EAST TEXAS PROPERTY* *MANAGEMENT, LLC,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Curtis McClendon appeals the trial court's summary judgment granted in favor of Appellee Deep East Texas Property Management, LLC (Deep East). In one issue, McClendon argues that the trial court erred in granting summary judgment in Deep East's favor. We affirm.

## BACKGROUND

Deep East is a property management company located in Lufkin, Texas, and is owned by Charles Royston and his wife. At all times pertinent to this appeal, Deep East had two employees—McClendon, who was the property manager, and the office manager, May Dessa Thomas. McClendon's duties as property manager generally involved maintaining Deep East's rental properties.

On July 26, 2011, McClendon reported to Thomas that he had injured his back while moving a window air conditioning unit in conjunction with his duties as property manager. Thomas contacted Royston, who told her to take McClendon to the emergency room. Afterward, Thomas assisted McClendon in filing a workers' compensation claim.

McClendon returned to work several days after his injury under a doctor's order restricting him to light duty work. But since there was no light duty work available for McClendon to perform, Royston permitted McClendon to take a leave of absence. During this

time, McClendon sought medical treatment and reported to Deep East concerning his condition. Deep East initially relied on independent contractors to perform the maintenance on the properties that McClendon ordinarily would perform. But due to the added expense of hiring these independent contractors and additional maintenance needs that arose during this time, Deep East hired a new maintenance person to perform McClendon's job duties and other duties until he was able to return.

On September 19, 2011, Royston and McClendon met at a Texas Burger restaurant in Corrigan, Texas. Royston asked McClendon how he was doing. McClendon answered that he had finished physical therapy and was waiting on the results of an MRI he had undergone that morning. Without inquiring further about the prospect of McClendon's returning to work, Royston told McClendon that Deep East was terminating his employment because Royston did not know when he would be able to return to work. In addition, according to McClendon, Royston stated that he could no longer keep McClendon because "he didn't know how long he would be on workman's comp."

On October 14, 2011, McClendon filed the instant suit against Deep East for retaliatory discharge. Subsequently, Deep East filed both traditional and no evidence motions for summary judgment. By its traditional motion, Deep East challenged McClendon's evidence supporting the element of causation under Texas Labor Code, Section 451.001. In its no evidence motion, Deep East argued that McClendon lacked evidence to support its position that Deep East's neutral reason for terminating McClendon's employment was untrue. Ultimately, the trial court granted Deep East's motions for summary judgment, and this appeal followed.

## SUMMARY JUDGMENT

In his sole issue, McClendon argues that the trial court erred in granting summary judgment in Deep East's favor.

### Standard of Review

Because the propriety of summary judgment is a question of law, we review the trial court's summary judgment determinations de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The standard of review for a traditional summary judgment motion pursuant to Texas Rule of Civil Procedure 166a(c) is threefold: (1) the movant must show there is no genuine issue of material fact and he is entitled to judgment as a matter of law;

(2) in deciding whether there is a disputed, material fact issue precluding summary judgment, the court must take as true evidence favorable to the nonmovant; and (3) the court must indulge every reasonable inference from the evidence in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *See* TEX. R. CIV. P. 166a(c); ***Nixon v. Mr. Prop. Mgmt. Co.***, 690 S.W.2d 546, 548–49 (Tex.1985); ***Palestine Herald-Press Co. v. Zimmer***, 257 S.W.3d 504, 508 (Tex. App.–Tyler 2008, pet. denied).

A defendant moving for summary judgment must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See* ***Randall's Food Mkts., Inc. v. Johnson***, 891 S.W.2d 640, 644 (Tex. 1995). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits and other summary judgment proof. *See* ***Gulbenkian v. Penn***, 252 S.W.2d 929, 932 (Tex. 1952); ***Zimmer***, 257 S.W.3d at 508. The only question is whether an issue of material fact is presented. *See* TEX. R. CIV. P. 166a(c). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See, e.g.,* ***City of Houston v. Clear Creek Basin Auth.***, 589 S.W.2d 671, 678–79 (Tex. 1979). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. ***State Farm Fire & Cas. Co. v. S.S.***, 858 S.W.2d 374, 380 (Tex. 1993).

## Workers' Compensation Retaliation and Burden Shifting

To support his cause of action for retaliatory discharge, McClendon was required to demonstrate that his cause of action fell under Texas Labor Code, Section 451.001. *See* TEX. LAB. CODE ANN. § 451.001 (West 2006). Section 451.001 states that an employer may not discharge, or in any other manner discriminate, against an employee because that employee has filed a workers' compensation claim in good faith. *See* ***id.***; ***Parker v. Valerus Compression Svcs., LP***, 365 S.W.3d 61, 66 (Tex. App.–Houston [1st Dist.] 2011, pet. denied). The purpose of the statute is to protect a person entitled to workers' compensation benefits from retaliation for exercising his statutory rights. *See* ***Parker***, 365 S.W.3d at 66. An employee who shows a violation of section 451.001 may recover "reasonable damages incurred by the employee as a result of the violation." TEX. LAB. CODE ANN. § 451.002 (West 2006).

Texas employs a burden shifting analysis for workers' compensation retaliatory discharge claims under section 451.001. *Parker*, 365 S.W.3d at 66; *see, e.g.*, *Benners v. Blanks Color Imaging, Inc.*, 133 S.W.3d 364, 369 (Tex. App.–Dallas 2004, no pet.). As part of its prima facie case, the employee "has the initial burden of demonstrating a causal link between the discharge and the filing of the claim for workers' compensation benefits." *Terry v. S. Floral Co.*, 927 S.W.2d 254, 257 (Tex. App.–Houston [1st Dist.] 1996, no writ); *see also* *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996) (applying standard of proof for causation in whistleblower actions to anti-retaliation claims under workers' compensation); *Wal-Mart Stores, Inc. v. Amos*, 79 S.W.3d 178, 184 (Tex. App.–Texarkana 2002, no pet.) (stating that as "an element of a prima facie case for retaliatory discharge" employee must "demonstrate the causal link between the discharge and the filing of the claim"); *Dallas Cnty. v. Holmes*, 62 S.W.3d 326, 329 (Tex. App.–Dallas 2001, no pet.) (stating that plaintiff must "prove a prima facie case" by establishing that "he, in good faith, filed a workers' compensation claim, and there exists a causal connection between the filing of the claim and the discharge or other act of discrimination"). The employee does not need to show that the workers' compensation claim was the sole reason for the employer's conduct; it is sufficient to demonstrate that but for the filing of the claim, "the employer's action would not have occurred when it did had the report not been made." *Cont'l Coffee*, 937 S.W.2d at 450; *Parker*, 365 S.W.3d at 67; *Turner v. Precision Surgical, L.L.C.*, 274 S.W.3d 245, 252 (Tex. App.–Houston [1st Dist.] 2008, no pet.). In other words, the filing of the workers' compensation claim must be a reason for the employer's adverse employment action, but not necessarily the only reason. *See Parker*, 365 S.W.3d at 67.

An employee may prove the causal link between the adverse employment decision and the workers' compensation claim by direct or circumstantial evidence. *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 436 (Tex. App.–Waco 2000, pet. denied). Circumstantial evidence of the causal link includes (1) knowledge of the compensation claim by those making the decision on termination, (2) expression of a negative attitude towards the employee's injured condition, (3) failure to adhere to established company policies, (4) discriminatory treatment in comparison to similarly situated employees, and (5) evidence that the stated reason for the discharge was false. *Cont'l Coffee*, 937 S.W.2d at 451; *Benners*, 133 S.W.3d at 369. Little or no lapse in time between the plaintiff's compensation claim and the employer's adverse employment action is also circumstantial evidence of a retaliatory motive. *Johnson v. City of*

*Houston*, 203 S.W.3d 7, 11 (Tex. App.–Houston [14th Dist.] 2006, pet. denied); *see also **Green v. Lowe's Home Ctr., Inc.***, 199 S.W.3d 514, 519 (Tex. App.–Houston [1st Dist.] 2006, pet. denied) (stating that temporal proximity between assertion of protected right and termination may be evidence of causal connection). This evidence is relevant for determining whether a causal link exists, both in examining whether the employee established a prima facie case and the ultimate issue of whether the employee proved a retaliatory motive for the adverse employment action. *See, e.g.*, ***Hertz Equip. Rental Corp. v. Barousse***, 365 S.W.3d 46, 54–57 (Tex. App.–Houston [1st Dist.] 2011, pet. denied) (reviewing circumstantial evidence identified in ***Continental Coffee*** to determine whether evidence was legally and factually sufficient to support finding of retaliatory discharge); ***Green***, 199 S.W.3d at 518–523 (reviewing circumstantial evidence identified in ***Continental Coffee*** to determine whether plaintiff established fact issue in response to summary judgment motion).

Once the employee establishes a prima facie claim, including a causal link, the burden shifts to the employer to rebut the alleged discrimination by offering proof of a legitimate, nondiscriminatory reason for its actions. ***Green***, 199 S.W.3d at 519; ***Benners***, 133 S.W.3d at 369.

If the employer demonstrates a legitimate, nondiscriminatory reason, then the burden shifts back to the employee "to produce controverting evidence of a retaliatory motive" in order to survive a motion for summary judgment. ***Green***, 199 S.W.3d at 519; *see also **Tex. Div.-Tranter, Inc. v. Carrozza***, 876 S.W.2d 312, 314 (Tex. 1994) (employee must controvert employer's neutral explanation of employment decision based on direct or circumstantial evidence). The employee must present evidence that the employer's asserted reason for the discharge or other adverse employment action was pretextual or "challenge the employer's summary judgment evidence as failing to prove as a matter of law that the reason given was a legitimate, nondiscriminatory reason." ***Benners***, 133 S.W.3d at 369. Summary judgment is proper if the employee fails to produce controverting evidence. ***Parker***, 365 S.W.3d at 68; ***Terry***, 927 S.W.2d at 257 (affirming summary judgment for employer because employee failed to produce evidence of retaliatory motive to rebut employer's neutral reason for firing her); ***Benners***, 133 S.W.3d at 369, 372 (holding summary judgment proper because employee failed to raise a fact issue on retaliatory motive); ***Castor v. Laredo Cmty. Coll.***, 963 S.W.2d 783,

785-86 (Tex. App.–San Antonio 1998, no pet.) (holding employee failed to raise fact issue on retaliatory motive despite indulging all inferences in his favor).

## Evidence of Causation

In its traditional motion for summary judgment, Deep East argued that the summary judgment evidence establishes that the necessary causal connection to establish discrimination under section 451.001 does not exist. In his response, McClendon argued that the summary judgment record contains direct evidence that satisfies the causation element. Specifically, McClendon contended that his deposition testimony concerning Royston's use of the term "workman's comp." in conjunction with his terminating McClendon's employment is direct evidence of causation sufficient to create a genuine issue of material fact. At his deposition, McClendon testified as follows:

> Q. All right. On September the 19th of 2011, you had a meeting with Mr. Royston, is that correct?
>
> A. Yes, sir.
>
> . . . .
>
> Q. How did the conversation come up? How did you know you were supposed to meet?
>
> A. I had called him after my MRI that morning and let him know that I did take it and they would have the results, they told me, within a few days or a week.
>
> And he called me back around I want to say 11:30, maybe 12:00 or so, and asked me did I want to meet for lunch.
>
> . . . .
>
> [Q.] Was the meeting cordial?
>
> A. Yeah. It was friendly, yeah.
>
> Q. Any hostility, animosity in the meeting?
>
> A. No . . . .
>
> Q. When y'all sat down to talk, who talked first, you or him?
>
> A. Well, actually, he asked me how things were going and I told him.
>
> Q. Okay. What did you tell him about how things were going?
>
> A. I told him about the MRI and that we was finished with the therapy until they come back with the MRI results. And - -
>
> Q. Let me back up. You told him that you had finished with the therapy, correct?

6

A. Well - -

Q. The physical therapy?

A. Yes, sir. They stopped the therapy after it wasn't working.

. . . .

Q. All right. So you told Mr. Royston that you were still waiting on the MRI results?

A. Yes, sir.

Q. What was said next?

A. Mr. Royston told me that he had had - - earlier in his years had back problems and on a back injury, you didn't know how long they would be until they healed, or if they ever healed, and that he couldn't hold my position and he couldn't afford to pay Ronnie whatever he was paying him to do construction work or whatever, contractual labor, so he was letting me go and giving Ronnie my position, because he did not know when I would be able to come back to work.

. . . .

A. Yes, sir. He said, "You can't never tell about a back injury. And that's when he told me about his injury and how long he had problems with it. And said that he didn't know how long he could - - it would last, you know, if I would come back to work or not, so he had to do something with replacing me at my job.

And I asked Mr. Royston, I said, "Well, I haven't even been off two whole months yet," you know, two full months. I said, you know, "We never gave it time to heal."

And then I asked him, I said, "And I'm still under doctor's care. Do you know that I'm still under the doctor's care?"

He said, "Yes."

And I said, "So, I mean, how am I not being able to keep my job?"

And that's when he told me that he couldn't keep it because he didn't know how long I would be on workman's comp.

On appeal, McClendon argues that there could be no reason for Royston to use the words "workman's comp." unless that was the underlying reason for his decision to terminate McClendon. He further contends that this interpretation is bolstered by the fact that Royston did not wait to find out the results of the MRI performed on McClendon that morning. Deep East responds that Royston's use of these words indicates nothing more than his awareness of the workers' compensation claim, but does not amount to evidence of a causal link between Royston's decision to terminate McClendon and McClendon's having filed a claim.

7

We do not consider Royston's statement in a vacuum. Instead, we consider the statement in the context of the entirety of the summary judgment record. Having done so, we note that apart from Royston's allegedly telling use of the term "workman's comp.," there is no other evidence of record that indicates (1) Deep East or anyone associated with it had any animosity toward McClendon for his filing a workers' compensation claim, (2) anyone expressed a negative attitude towards McClendon's injured condition, (3) Deep East failed to adhere to established company policies, or (4) the stated reason for the discharge, i.e., Royston, who had experience with his own back injury, did not know when McClendon would be able to return to work, was false.

To the contrary, the evidence reflects that Royston told Davis to take McClendon to the emergency room following his accident and that Davis, after McClendon was released from the emergency room, assisted him in filing a workers' compensation claim. According to McClendon's own testimony, those associated with Deep East treated him congenially. When McClendon took leave, Deep East initially hired independent contractors to perform his duties and incurred greater expense as a result before having to hire another full time maintenance person to fill in for McClendon during his leave. Finally, McClendon's testimony concerning the meeting that culminated in his termination does not reveal any evidence that tends to indicate that Royston's use of the term "workman's comp." was a revelation of his motivation for terminating McClendon. And despite McClendon's assertions to the contrary, we do not conclude that Royston's declining to wait for the results of McClendon's MRI when McClendon already had been on leave for nearly two months bolsters McClendon's interpretation of Royston's statement.

In sum, there is evidence that Royston referred to "workman's comp." when he terminated McClendon's employment with Deep East. But Royston's mere reference to "worker's comp.," without more, does not constitute evidence supporting the existence of a causal connection between McClendon's filing the workers' compensation claim and his discharge. If anything, Royston's choice of words establishes no more than his knowledge that McClendon had filed a workers' compensation claim. And while knowledge of a workers' compensation claim is considered as a factor in light of the record as a whole, it does not alone establish a causal link between the alleged discriminatory behavior and the filing of a claim. *See Courtney v. Nibco, Inc.*, 152 S.W.3d 640, 644 (Tex. App.–Tyler 2004, no pet.); *Lone Star Steel*

***Co. v. Hatten***, 104 S.W.3d 323, 327–28 (Tex. App.–Texarkana 2003, no pet.).  Therefore, we hold that the trial court did not err in granting Deep East's traditional motion for summary judgment.[1]  To the extent McClendon's sole issue pertains to the trial court's granting of Deep East's traditional motion for summary judgment, it is overruled.


## DISPOSITION

Having overruled McClendon's sole issue in part, we ***affirm*** the trial court's judgment.


SAM GRIFFITH
Justice

Opinion delivered March 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[1] Because we have held that the trial court did not err in granting Deep East's traditional motion for summary judgment on the issue of causation, we do not address whether the trial court erred in granting Deep East's no evidence motion for summary judgment regarding whether McClendon presented controverting evidence of a retaliatory motive.  *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2014**

**NO. 12-12-00331-CV**

**CURTIS MCCLENDON,**
Appellant
V.
**DEEP EAST TEXAS PROPERTY MANAGEMENT, LLC,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. CV-00889-11-10)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **CURTIS MCCLENDON,** for which execution may issue, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, and Hoyle, J.*