# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00346-CV

**Christopher Lee Phillips, Appellant**

**v.**

**SACHEM, Inc., Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-12-006920, HONORABLE ERIC M. SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Christopher Lee Phillips sued his former employer, SACHEM, Inc., alleging that he had been terminated in retaliation for filing a workers' compensation claim. *See* Tex. Lab. Code § 451.001. SACHEM filed a combined traditional and no-evidence motion for summary judgment, which the trial court granted. Phillips now appeals the trial court's summary judgment in favor of SACHEM. Because Phillips has presented circumstantial evidence raising a fact issue as to the existence of a causal link between his claim and his termination and because SACHEM has failed to establish as a matter of law that Phillips was terminated for a legitimate, nondiscriminatory reason, we will reverse the trial court's judgment and remand for further proceedings.

## BACKGROUND

On February 22, 2012, Phillips was packaging chemicals at SACHEM when he began to feel burning in his left forearm.[1]  Soon after, Phillips sought medical attention and was diagnosed with chemical exposure.  On February 27, Phillips reported his injury and diagnosis to Linda Mashburn, SACHEM's human resources manager.  Mashburn then filed a claim, on Phillips's behalf, with SACHEM's workers' compensation carrier.

On March 7, Phillips's treating physician informed Phillips that he would not be released for return to work until approximately April 19, 2012, and provided Phillips with a note for his employer to this effect.  However, on April 17, during a follow-up visit, Phillips's physician determined that he could not release Phillips for return to work as originally planned.  Instead, the physician referred Phillips to an infectious disease specialist.  On April 18, 2012, upon learning that Phillips's doctor had not released him, SACHEM terminated Phillips's employment.  On May 9, 2012, Phillips was cleared to return to work.

Phillips sued SACHEM claiming that he was terminated in retaliation for filing a workers' compensation claim. SACHEM filed a combined motion for traditional summary judgment and no-evidence summary judgment, which the trial court granted without specifying the grounds upon which it relied.  On appeal, Phillips raises two issues.  First, Phillips argues that the trial court erred in overruling special exceptions that he filed in response to SACHEM's motion for summary judgment.  Second, Phillips contends that the trial court erred in granting SACHEM's motion for summary judgment because (1) he presented summary-judgment evidence raising a genuine issue

---

[1] The foregoing facts are taken from the summary-judgment record, viewed in the light most favorable to Phillips as the nonmovant. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (standard of review).

2

of material fact regarding discriminatory motive and (2) SACHEM failed to prove as a matter of law that it terminated Phillips for a legitimate, nondiscriminatory reason.

## STANDARD OF REVIEW

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). If a trial court grants summary judgment but does not specify the grounds for granting the motion, we must uphold the judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). In reviewing a trial court's ruling on summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve all doubts in the nonmovant's favor. *Id*.

A party seeking summary judgment may combine in a single motion a request for summary judgment under the no-evidence standard with a request under the traditional summary-judgment standard. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004). When a party files both a traditional and no-evidence motion for summary judgment and the order does not specify which motion was granted, we typically first review the propriety of the summary judgment under the no-evidence standard. *Merriman v. XTO Energy, Inc*., 407 S.W.3d 244, 248 (Tex. 2013). If we determine that the no-evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *Id*.

A no-evidence motion for summary judgment is a motion asserting that there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is

3

essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no-evidence summary judgment is properly granted "when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Id.* "Thus, a no-evidence summary judgment is improperly granted if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *Id.* More than a scintilla of evidence exists where the evidence, as a whole, "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005) (citing *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)).

A movant is entitled to traditional summary judgment if the movant demonstrates that (1) there is no genuine issue as to any material fact and (2) the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A party moving for traditional summary judgment on an opposing party's claims must conclusively negate at least one element of each of nonmovant's claims or conclusively establish each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

**RETALIATORY DISCHARGE**

Section 451.001 of the Texas Labor Code prohibits an employer from discharging or otherwise discriminating against an employee because that employee filed a workers' compensation

4

claim in good faith, hired a lawyer to represent him in a workers' compensation claim, instituted a workers' compensation proceeding in good faith, or testified (or is about to testify) in a workers' compensation proceeding. Tex. Labor Code § 451.001. Texas employs a burden-shifting analysis for workers' compensation retaliatory discharge claims under section 451.001. *Parker v. Valerus Compression Servs., LP*, 365 S.W.3d 61, 66 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). As part of his prima facie case, an employee alleging retaliation bears the initial burden of establishing a causal link between the termination and the filing of a claim for workers' compensation benefits. *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450-51 (Tex. 1996); *Wal-Mart Stores, Inc. v. Amos*, 79 S.W.3d 178, 184 (Tex. App.—Texarkana 2002, no pet.). The plaintiff does not need to show that his workers' compensation claim was the sole reason for the employer's action. *Continental Coffee Prods.*, 937 S.W.2d at 450. Instead, the plaintiff must show that but for the filing of his compensation claim, his termination would not have occurred when it did. *Id.* (quoting *Texas Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 636 (Tex. 1995)). In other words, the filing of the workers' compensation claim must be a reason for the employer's adverse employment action, but not necessarily the only reason. *Parker*, 365 S.W.3d at 67.

Once the employee establishes a prima facie case, the burden shifts to the employer to rebut the alleged discrimination by showing that there was a legitimate reason for the employee's termination. *Id.* Finally, if the employer demonstrates a legitimate, nondiscriminatory reason, then the burden shifts back to the employee either to present evidence raising a fact issue on whether the reason for termination was a pretext for the discrimination or to challenge the employer's summary-judgment evidence as failing to prove as a matter of law that the reason given was a legitimate,

5

nondiscriminatory reason. *Johnson v. City of Houston*, 203 S.W.3d 7, 12 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *Benners v. Blanks Color Imaging, Inc.*, 133 S.W.3d 364, 369 (Tex. App.—Dallas 2004, no pet.).

## ANALYSIS

*Special exceptions*

As a preliminary matter, we address Phillips's complaint that the trial court erred in overruling his special exceptions to SACHEM's motion for summary judgment. Phillips argues that a motion for summary judgment must specifically and expressly set forth the grounds upon which the movant relies and that "SACHEM's grounds were ambiguous and failed to identify the standards upon which it sought summary judgment with any real clarity."

A motion for summary judgment must state the specific grounds upon which the summary judgment is sought. *See* Tex. R. Civ. P. 166a(c) (requiring that motion for summary judgment "state the specific grounds therefor"). Here, SACHEM filed a motion entitled "Defendant's second motion for summary judgment (no-evidence and traditional)." The motion expressly sets forth the following grounds:

**GROUND ONE:** There is no evidence of a causal connection between SACHEM's termination decision and Plaintiff's workers' compensation claim, which SACHEM itself filed.

**GROUND TWO:** SACHEM's termination decision was justified and lawful because Plaintiff admits he was incapable of performing his job at the time of his termination, and the Texas Workers' Compensation Act does not grant employees a right to employment if they are incapable of performing their jobs.

6

We review a trial court's ruling on special exceptions for an abuse of discretion. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). Upon review of SACHEM's summary-judgment pleadings, we cannot conclude that the two grounds relied upon by SACHEM are unclear or ambiguous. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337 n.6 (Tex. 1993) (nonmovant should file special exception to summary judgment in order to complain on appeal that grounds relied upon were unclear or ambiguous). Accordingly, the trial court did not abuse its discretion in overruling Phillips's special exceptions to SACHEM's motion. We overrule Phillips's first issue on appeal.

*Evidence of a Causal Link*

Next, we consider whether the trial court erred in granting summary judgment in favor of SACHEM. In its motion for summary judgment, SACHEM asserted that "[t]here is no evidence of a causal connection between SACHEM's termination decision and [Phillips's] workers compensation claim." *See* Tex. R. Civ. P. 166a(i). On appeal, Phillips argues that the trial court erred to the extent it granted summary judgment on this ground because there is at least some evidence that "but for the filing of Phillips's [workers' compensation] claim, he would not have been fired."

An employee may establish a causal link between the adverse employment action and his workers' compensation claim through circumstantial evidence or through reasonable inferences from the evidence. *Continental Coffee Prods.*, 937 S.W.2d at 451; *Green v. Lowe's Home Ctrs., Inc.*, 199 S.W.3d 514, 519 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *Benners*, 133 S.W.3d at 369. Circumstantial evidence sufficient to establish the causal link includes (1) knowledge of the compensation claim by those making the termination decision; (2) an expression of a negative

7

attitude toward the employee's injured condition; (3) a failure to adhere to established company policies; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the discharge was false. *Continental Coffee Prods.*, 937 S.W.2d at 451; *Green*, 199 S.W.3d at 519; *Benners*, 133 S.W.3d at 369.

Phillips's summary-judgment evidence, produced in response to SACHEM's no-evidence ground, included the following :

(1)     an e-mail exchange dated March 12, 2014, that included Mashburn and certain other individuals at SACHEM that were involved in the decision to terminate Phillips.[2] The e-mail exchange discusses the fact that Phillips made a workers' compensation claim. In this same e-mail exchange, Jerry Windisch states, "This is sounding very much like our last incident where an associate gets a doctor to write him a 'hall pass.' I thought we had addressed this but it seems we have a loop hole when the associate goes on his own time";

(2)     excerpts from Phillips's deposition, in which Phillips describes a conversation that occurred between him and Mashburn when he came in to SACHEM on his day off, February 27, 2014. Phillips testified that he came to work for the purpose of bringing Mashburn documentation from his treating physician and that Mashburn was unaware of the incident and his injury at that time. According to Phillips, upon learning of his injury, Mashburn told him that it would not be good for SACHEM if he did not come back to work the next day and that the company would have to report the incident as a lost-time accident. According to Phillips, Mashburn also suggested that he would not have to return to the doctor and that she could remove the stitches.

Indulging every reasonable inference and resolving all doubts in Phillips's favor, as we must, we conclude that there is circumstantial evidence that those making the decision to

---

[2] SACHEM concedes that Mashburn, John Fisher, and John Mooney participated in the decision to fire Phillips and that these individuals were aware that Phillips had instituted a workers' compensation claim. The e-mail exchange involved Mashburn, Fisher, Mooney, and Jerry Windisch, the vice-president of SACHEM.

8

terminate Phillips knew of his workers' compensation claim and that some of those same individuals had a negative attitude toward his injured condition and the fact that it would be reported to SACHEM's carrier as a lost-time injury. *See Courtney v. Nibco, Inc.*, 152 S.W.3d 640, 644 (Tex. App.—Tyler 2004, no pet.) (knowledge of workers' compensation claim is a factor, but insufficient standing alone to establish causal link); *Amos,* 79 S.W.3d at 188 (negative remarks are probative of retaliation if made by individual with authority over employment decision).

In addition, Phillips asserts that he presented summary-judgment evidence demonstrating that SACHEM failed to adhere to its own policy with regard to the termination of injured employees. In response to SACHEM's summary judgment, Phillips attached portions of SACHEM's Associate's Manual, which states that "[i]f you cannot work due to a job-related injury or illness, Workers' Compensation Insurance pays your medical bills and provides a portion of your income *until you can return to work*." (Emphasis added.) Similarly, Phillips presented portions of Mashburn's deposition testimony, in which she states that it is SACHEM's policy to allow injured employees to recover benefits, if they are entitled to any, and to return to work upon recovery. Based on this evidence, Phillips contends that SACHEM has a policy of allowing injured workers to return to work upon recovery and that SACHEM failed to follow this policy when it decided to terminate Phillips less than two months after his accident. In response, SACHEM contends that its policy regarding injured workers concerns only the recovery of benefits and, contrary to Phillips's assertion, says nothing about holding positions open for injured employees.

We agree that the SACHEM policy relied on by Phillips does not expressly or impliedly obligate SACHEM to abstain from hiring or to otherwise hold open the positions of

9

injured employees like Phillips.  However, when there is no generally applicable absentee policy permitting an employee's termination and when there is instead a policy, like SACHEM's, allowing injured workers to return to work upon recovery, one may reasonably infer that injured workers will be offered similar positions for which they are qualified, if available, once they have recovered. It is undisputed that (1) SACHEM does not have a uniformly applied absentee policy and (2) SACHEM did not terminate Phillips subject to any offer to rehire him into a position meeting his qualifications when he recovered, if available.  As a result, Phillips has presented some evidence that, when viewed in the light most favorable to Phillips, could reasonably be viewed as indicating that SACHEM, by terminating him, failed to adhere to its previously established policy of retaining injured workers.

Phillips has presented circumstantial evidence that SACHEM was aware of his claim, that individuals with authority to terminate Phillips made negative remarks regarding his injury, and that SACHEM failed to adhere to established policy in terminating him.[3]  Accordingly, Phillips's

---

[3] Phillips also presented summary-judgment evidence that he contends demonstrates that he was treated differently than similarly situated employees, a type of evidence that would tend to demonstrate a causal link.  *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 451 (Tex. 1996) (listing types of circumstantial evidence that tend to demonstrate causal link, including "discriminatory treatment in comparison to similarly situated employees").  Specifically, Phillips presented SACHEM records showing that five other employees, all of whom had filed workers' compensation claims without reporting lost time from work, were not terminated by SACHEM. Phillips contends that this evidence suggests that he was terminated because he filed a workers' compensation claim that included a claim for lost-work time.

For purposes of retaliatory discharge, employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct.  *Parker v. Valerus Compression Servs., LP*, 365 S.W.3d 61, 67 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).  SACHEM argues that Phillips has failed to meet this burden because he has not identified any SACHEM employee who was absent from work for an extended length of time but was

summary-judgment evidence raises an issue of material fact with regard to whether there is a causal link between his workers' compensation claim and his termination.

*Legitimate, Nondiscriminatory Reason*

Once Phillips establishes a prima facie case of retaliatory discharge, the burden shifts to SACHEM to offer proof of a legitimate, nondiscriminatory reason for its actions. In its motion for summary judgment, SACHEM sought a traditional summary judgment on the ground "that SACHEM's termination decision was justified and lawful because Plaintiff admits he was incapable of performing his job at the time of his termination." In other words, SACHEM contends that "the summary judgment evidence shows that Phillips's firing happened when it did because he informed SACHEM that he was not able to return to work when they needed him." In response, Phillips claims that SACHEM's summary-judgment evidence fails to establish that he was terminated for a legitimate, nondiscriminatory reason as a matter of law.

The uniform enforcement of a reasonable absentee policy is a legitimate, non-discriminatory reason for discharge. *Texas Div.-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 313 (Tex. 1994). "If an employee's termination is required by the uniform enforcement of a reasonable absentee policy, then it cannot be the case that termination would not have occurred when it did but for the employee's assertion of a compensation claim." *Continental Coffee Prods.*, 937 S.W.2d at 451. In this case, there is no dispute that SACHEM's proffered reason for terminating Phillips was

---

nevertheless retained by SACHEM. Moreover, SACHEM claims that this evidence, in fact, supports its contention that it terminated Phillips, not because he filed a claim, but because he was unable to report to work and perform his job duties. We agree that Phillips's summary-judgment evidence fails to suggest that Phillips was treated differently in comparison to similarly situated employees.

11

that he was unable to work at the time he was terminated. However, Phillips was not terminated pursuant to any express absentee policy established by SACHEM.

Nevertheless, SACHEM argues that the existence of an absentee policy is not required and that under Texas law the discharge of an employee who is unable to work, even temporarily, necessarily represents a legitimate, non-discriminatory reason for discharge. We agree with SACHEM that its stated reason for terminating Phillips is, on its face, a nondiscriminatory reason; however, this conclusion does not end our inquiry when reviewing a summary judgment. Upon this determination, the burden shifts to Phillips to challenge SACHEM's ability to establish its stated nondiscriminatory reason as a matter of law, which he has done. *See Johnson*, 203 S.W.3d at 12 (once employer demonstrates legitimate, nondiscriminatory reason, employee may challenge employer's summary judgment evidence as failing to prove as a matter of law). Based on the summary-judgment record before us and for the reasons set forth below, we conclude that SACHEM has failed to establish, as a matter of law, a nondiscriminatory reason for terminating Phillips.

A uniformly applied absentee policy, by its nature, demonstrates how an employer treats similarly situated employees. As a result, when an employer provides proof that it terminated an employee pursuant to a uniformly applied leave-of-absence policy, the terminated employee must provide competent evidence that the employer treated him differently from similarly situated employees in order to survive summary judgment. *Parker*, 365 S.W.3d at 68; *see Haggar*, 164 S.W.3d at 388-89. Conversely, a policy of discharging employees on an ad hoc basis when they are unable to discharge their duties for some undetermined amount of time is not capable of being objectively verified in the same manner as a uniformly applied absentee policy. Accordingly, we cannot conclude

12

that proof of an injured employee's inability to work, standing alone, establishes as a matter of law that the employee's discharge was nondiscriminatory.

On the other hand, we also cannot conclude that an employer's lack of a uniformly applied absentee policy necessarily compels the conclusion that an injured employee was terminated in retaliation for the filing of a claim. *See Terry v. Southern Floral Co.*, 927 S.W.2d 254, 258 (Tex. App.—Houston [1st Dist.] 1996, no writ) ("[W]e do not read *Carrozza* to mean that only those terminations effected pursuant to absence-control policies are carried out for legitimate nondiscriminatory reasons."). An employer may terminate an employee with a work-related injury so long as the employer's motive is not to discriminate for the employee's institution of a workers' compensation claim. *Harris v. American Red Cross*, 752 F. Supp. 737, 740 (W.D. Tex. 1990) (employee terminated when she refused to return to work after being cleared to do so). We recognize that under certain circumstances, the employer's need to terminate an injured employee may itself represent a legitimate, nondiscriminatory reason and may be established as a matter of law.[4] *See Terry*, 927 S.W.2d at 258. For instance, an employer may terminate an employee who sustains a

---

[4] SACHEM cites *Terry v. Southern Floral Company*, 927 S.W.2d 254 (Tex. App.—Houston [1st Dist.] 1996, no writ) for the proposition that an employer has established a legitimate, non-discriminatory reason as a matter of law when the employer, just like SACHEM, presents (un-rebutted) evidence that it was necessary to hire a replacement to fill the employee's position due to the employee's inability to work. The summary-judgment evidence presented by the employer in *Terry* demonstrated that (1) the employee had filed several workers' compensation claims over the course of her employment, had missed a great deal of work, and had always been allowed to return to work; (2) the employee was eventually terminated after being continuously absent for almost seven months; (3) during the employee's absence, her sales accounts were suffering, such that it became necessary to hire a replacement; and (4) at termination, the employee was informed that when she was released to work by her doctor, she would be given first preference for any position openings for which she was qualified. *Id*. at 258. As we will discuss below, SACHEM's summary-judgment evidence falls well short of that presented by the employer in *Terry*.

13

job related injury if it ultimately appears that, due to the nature of the injury, the employee can no longer perform the essential functions of his position. *Garcia v. Allen*, 28 S.W.3d 587, 601 (Tex. App.—Corpus Christi 2000, pet. denied).

Here, in support of its motion for summary judgment on this ground, SACHEM relied solely on the undisputed fact that Phillips could not work at the time of his termination and that SACHEM informed Phillips that this was the reason it had decided to terminate his employment. SACHEM did not present any evidence establishing that Phillips's injury would prevent him from returning and performing the essential functions of his position in the foreseeable future or that it was reasonable for SACHEM to believe that it would. Further, while an absent employee is often a burden on his employer, SACHEM did not present any evidence establishing that there was an economic reason necessitating Phillips's termination. For instance, SACHEM did not present any evidence demonstrating that Phillips's absence was causing SACHEM's performance to suffer or that it needed to hire a replacement for Phillips's position at the time of termination due to work demands. Moreover, it is undisputed that Phillips was never given an opportunity to take a leave-without-pay absence (which SACHEM's written employment policies provided for) or an opportunity to be rehired upon his recovery, assuming an open position for which he was qualified became available.

Based on the record before us and indulging all inferences in Phillips's favor, we conclude that SACHEM's summary-judgment evidence fails to establish as a matter of law that the reason it offered for terminating Phillips was a legitimate, nondiscriminatory reason. Because the trial court erred in granting summary judgment in favor of SACHEM, we sustain Phillips's second issue on appeal.

14

## CONCLUSION

Having sustained Phillips's second issue on appeal, the judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Reversed and Remanded

Filed:   December 31, 2014